134 So.2d 241 (1961)
OOLITE ROCK COMPANY, and New Amsterdam Casualty Company, Petitioners,
v.
Edward Claude DEESE and Florida Industrial Commission, Respondents.
No. 31125.
Supreme Court of Florida.
November 1, 1961.
*242 Welsh, Cornell, Pyszka & Carlton and Errol S. Cornell, Miami, for petitioners.
Steve M. Watkins, Truett & Watkins, Tallahassee, Smith & Poole, Miami, Burnis T. Coleman and Paul E. Speh, Tallahassee, for respondents.
THOMAS, Justice.
Edward Deese was grievously injured in an accident arising out of and in the course of his employment. His wrists and right femur were broken and his skull was so fractured that three operations were required, one to remove a blood clot and two to stop the flow of spinal fluid into his nostrils. The optic nerves of both eyes were damaged to the extent that peripheral vision was destroyed. Because of the loss of brain matter his mentality was reduced to that of a six- to eight-year-old child.
The impairment of the claimant's body and mind rendered him incapable of taking care of his simplest needs and some one must attend him during all waking hours, about 16 hours a day. In fact, it is conceded by the carrier and employer that he is totally, permanently disabled.
The carrier paid the wife $60 weekly to look after the claimant, then discontinued the payments 25 February 1960. Later, 25 April 1960, the claimant sought resumption of the compensation of the wife for her nursing services. Upon hearing, the Deputy Commissioner declared the claimant wholly unable to pursue any occupation or even to care for himself and ordered the carrier to resume the weekly payments of $60 to the wife. The order of the Full Commission affirming this action is the one now being reviewed by certiorari.
The position of the petitioners that there is no occasion to fasten upon them the duty to pay the wife for her care of the husband is based mainly on the assertion of the fact that she did not give up any regular employment for the purpose. In support of the contention we are referred to Sec. 2004 (m), 10 Schneider's Workmen's Compensation Text where the author quotes from the decision in California Casualty Indemnity Exchange v. Industrial Accident Commission, et al., 84 Cal. App.2d 417, 190 P.2d 990.
When the cited case is scrutinized it affords small comfort to the petitioners. Although the District Court of Appeal, Div. 1, First District, announced agreement with the "rule that where services are rendered without knowledge of the insurance company and are not of an extraordinary nature, * * * a member of the family should not be permitted to claim a right to compensation," the court rendered the pronouncement valueless by the following statement: "[b]ut that is not this case." (Italics supplied.) Furthermore, it is not the situation with which we deal as will be clearly seen by a comparison of the facts we have recounted and the language we have italicized. It is necessary only to say that the insurance company was not ignorant of the services the wife had rendered, and that those services were not of an ordinary kind, such as a wife would perform for a husband, because of the unusual severity of the injury chargeable to industry.
The petitioners also direct us to the case of Graf v. Montgomery Ward and Co., 234 *243 Minn. 485, 49 N.W.2d 797, which they claim the Full Commission overlooked when they adopted the statement in Larson's Workmen's Compensation Law appearing in Sec. 61.13 of Volume 2.
An examination of the Section discloses that the author referred to early cases holding that a wife would not be allowed compensation for nursing her husband inasmuch as she would do nothing more than that expected of an affectionate spouse, while later cases held that the allowance was proper because she would, in the absence of such service furnished by the employer, be doing much more than her regular household duties required. The cited case appears to hold contrary to the latter rule. Incidentally, our opinion in Brinson v. Southeastern Utilities Service, Co., Fla., 72 So.2d 37, was cited in support of the opposite view, although we frankly admit that the precise point now before us, i.e., whether a wife could be so recompensed if she had not surrendered another position, was not directly involved.
The petitioners quote to us from the footnote in Larson's work referring to the Graf case, supra, but examination of the opinion itself reveals that there had been no proof that the claimant was put to any expense for nursing services or that his wife had given up remunerative employment to provide them. Recognition by that court of the rule that a husband is not liable to his wife for her usual tasks of housewife and mother need cause no concern now for we are dealing with services of a wife in circumstances that are extraordinary and exigent. We pause to repeat that the facts related in the cited case do not correspond with the ones in the present case. The decision further loses its force as authority in the instant litigation because the court observed that it was confronted with the statute that provided that the employer should be liable "only for the reasonable expense incurred by or on behalf of the employee in providing nursing service." [234 Minn. 485, 49 N.W.2d 803.]
Even if the statute in Minnesota (M.S.A. § 176.15) required such a strict construction, a matter we need not explore, there seems to be a vast difference between its provision and those appearing in Sec. 440.13 (1) of our Workmen's Compensation Law, F.S.A.
The decision in Claus v. DeVere, 120 Neb. 812, 235 N.W. 450, cited by petitioners, is so lacking in a statement of facts as not to afford us any assistance in deciding the pivotal point.
In Williams v. American Surety Company of New York, et al., Fla.App., 99 So.2d 877, 879, the salient facts do not closely resemble the ones in the instant case. It is true the court observed that there was "no evidence that the wife discontinued any regular employment in order to care for Petitioner [husband]." This comment in the light of the condition described was not, in our opinion, a commitment of the court to a rule that a wife could not be compensated in any situation for nursing services rendered her husband unless she had surrendered outside employment to do so.
From our study of the present circumstances and the cases cited to us, we conclude that while the relinquishment of regular employment by a wife in order to care for a disabled husband may be a relevant factor, it does not determine the matter, and that under the circumstances of this case the petitioners were bound to pay the claimant's wife for the extraordinary services she was performing. The petitioners were fully aware of the injured workman's needs and of the almost constant attention demanded by him during his waking hours.
The position that the wife could not be compensated in such an extreme case, though the petitioners were escaping the payment to some one else, simply because the wife did not happen to have been employed at the time of the husband's misfortune, is one we cannot accept. We think adoption of the rule would be so harsh as to be downright unjust. And we believe *244 that the exceptions recognized by the authorities the petitioners cite justify our conclusion.
Denied.
ROBERTS, C.J., and TERRELL, THORNAL and O'CONNELL, JJ., concur.