CALDWELL, Chief Justice
(dissenting):
I dissent. The deputy’s finding of fact is amply supported by the record testimony of the parties and the physician. United States Casualty Co. v. Maryland Casualty Co., 55 So.2d 741 (Fla.1951), cited by us with approval countless times, holds “ * * the full Commission should not reverse the findings of facts made by a deputy commissioner unless it is made to appear that those findings of facts are not sustained by competent, substantial evidence.”
The Industrial Commission in reversing the deputy, and, perforce, this Court, in affirming the Commission, relies upon Eakins v. Industrial Crane Service, 4 FCR 273, Industrial Crane Service v. Eakins, 131 So.2d 204 (Fla.1961); Deese v. Oolite Rock Co., 4 FCR 345, Oolite Rock Co. v. Deese, 134 So.2d 241 (Fla.1961) and Wickham v. American Airmotive Corp., Decision No. 2-1585, American Airmotive Corp. v. Wickham, 192 So.2d 485 (Fla.1966). The principle of law established by the cited cases is not involved here. Those cases hold the wife of a claimant is entitled to remuneration for nursing services performed for claimant. The deputy here found the services rendered claimant were in the nature of housekeeping, did not fall within the provisions of Florida Statutes, Section 440.13, F.S.A., and were therefore not required to be furnished by the employer-carrier.