ENGLAND, Justice,
dissenting.
To best' understand what the majority has ruled today, it is worth considering what action the Industrial Relations Commission took in this case. The relevant portion of its decision reads:
“We are compelled to reverse the Order on review as to Point 1. The nursing services in question are provided by the claimant’s wife. As we noted in City of Miami v. Brownlow, IRC Order 2-2904 (1-12-76), cert. den. 339 So.2d 1167 (Fla.1976), nursing services by a family member are considered gratuitous in the absence of unusual circumstances. In the instant case the claimant’s wife possessed no special training as a nurse. The services she rendered did not require specialized training. She was not required to forego any remunerative employment to attend to the claimant. Some of the ‘nursing services’ she rendered were related to medical conditions unrelated to the industrial injury in question. Many of the services she rendered were housekeeping in character and would have been rendered regardless of the claimant’s condition. The claimant was capable of ambulating about his house and could attend personal functions without *723 the necessity of assistance. These circumstances clearly distinguish the instant case from Oolite Rock Co. v. Deese, 134 So.2d 241 (Fla.1961), where the presumption of gratuitous services by a family member was overcome in view of the extraordinary services required of the claimant’s wife. In Deese, supra, the claimant, who suffered a loss of brain matter reducing his mentality to that of a. six year old, was unable to take care of even his simplest needs and required constant attendance during all waking hours. We conclude the Judge of Industrial Claims’ findings supporting the award of nursing services are not supported by competent substantial evidence in the record. Accordingly, the Order on review is reversed as to Point 1.”
In sum, the Commissioners’ review of the evidence revealed an absence of competent and substantial evidence to support an award of nursing services for claimant’s wife. A majority of the Court has now reversed the Commission simply because it disagrees with the Commission as to what the record shows.
I had thought that the Court recently resolved to accord to the Industrial Relations Commission the degree of decisional deference which we accord to the district courts of appeal. Chicken ‘N’ Things v. Murray, 329 So.2d 302 (Fla.1976); Scholastic Systems, Inc. v. LeLoup, 307 So.2d 166 (Fla.1974). Apparently it has not, and we have returned to those early days when the Court thought it necessary to act as a third level fact finder for part-time industrial claims judges and a part-time Commission. This retreat is unfortunate. The adverse effect it will have on claimants, workmen’s compensation practitioners, judges of industrial claims, Commissioners, and the jurisdiction of this Court, is incalculable.