397 So.2d 732 (1981)
CITY OF LEESBURG and U.S. Fidelity & Guaranty Company, Appellants,
v.
Oscar L. PADGETT, Appellee.
No. XX-352.
District Court of Appeal of Florida, First District.
April 28, 1981.
*733 John R. Gierach, of Gierach & Ewald, P.A., Orlando, for appellants.
Irvin A. Meyers, of Meyers, Mooney & Adler, P.A., Orlando, for appellee.
PER CURIAM.
Employer/carrier appeal a worker's compensation order which awarded attorney's fees to claimant's attorney. We reverse and remand.
Claimant's attorney was successful in securing attendant care for claimant. The deputy's order awarded an attorney's fee of $5,000 based upon benefits received to date and reserved jurisdiction for the purpose of awarding additional attorney's fees on not more than a yearly basis for as long as the claimant continued to need attendant care.
Employer/carrier argue that the reservation of jurisdiction for the purpose of the award of an annual attorney's fee is improper. We agree. In Matera v. Gautier, 133 So.2d 732 (Fla. 1961), the Supreme Court reversed an attorney's fee which was based upon a percentage of annual disability benefits paid to the claimant. The court stated:
The fee represents compensation for services rendered up to the date of the hearing. There is no reason, either in logic or in law, for not determining the fee to which the attorney is entitled as of that date and awarding it in a lump sum... . To award an indeterminable fee on the basis of future compensation is to place too great an emphasis on the size of the award and insufficient emphasis on the other elements which go into the determination of the attorney's fee to be awarded.
See also, Department of Transportation v. Cato, IRC Order 2-3138 (May 3, 1977), cert. denied, 351 So.2d 405 (Fla. 1977), where the Commission cautioned against annualization of fees. It has been held that the contingent percentage basis for determining fees is inappropriate due to the nature of worker's compensation law. Lee Engineering and Construction Co. v. Fellows, 209 So.2d 454 (Fla. 1968). Although Section 440.34, Florida Statutes (1977) sets forth a percentage fee schedule based on the amount of benefits secured, an award based solely on a contingent percentage basis remains improper since the statute, applicable here because effective before the time of the deputy's award, Okaloosa County Gas District v. Mandel, 394 So.2d 453 (Fla. 1st DCA 1981), mandates consideration by the deputy of the Lee Engineering factors in determining a reasonable fee.
Accordingly, we reverse the award of attorney's fees and remand the cause for reconsideration and for the determination of an appropriate lump sum fee. We caution, however, that an attorney's fee based upon the statutory sliding scale guidelines without a substantial reduction based upon the circumstances of this case, particularly the time expended in the case and the issue involved, would be considered excessive as an abuse of discretion.
REVERSED and REMANDED.
McCORD, ROBERT P. SMITH, Jr., and ERVIN, JJ., concur.