WENTWORTH, Judge.
Claimant appeals a workers’ compensation order denying approval of an attorney’s fee agreement between claimant and her attorney. Claimant’s attorney had negotiated a lump sum settlement with payment of periodic compensation benefits previously awarded, and sought approval of a fee agreement by which claimant would pay an attorney’s fee. The deputy denied approval after determining that “the Workmen’s [sic] Compensation Rules do not provide for payment of an attorney’s fee” in these circumstances.
 We disagree with the deputy’s apparent conclusion that the absence of any express provision in the rules precludes the approval of a fee. Section 440.34, Florida Statutes, is a substantive provision insofar as it relates to entitlement to, and the source of payment of, a claimant’s attorney’s fee. Therefore, the present case is governed, in this regard, by § 440.34, Flori *263 da Statutes (1976) — the statutory provision in effect at the time of the compensable accident. Cf., Sullivan v. Mayo, 121 So.2d 424 (Fla.1960). Since in the present case claimant has by contractual arrangement agreed to pay her own attorney’s fee, § 440.34(1), Florida Statutes (1976), is inapplicable inasmuch as that provision relates only to deputy approval of attorney’s fee awards payable by an employer/carrier, upon the “successful prosecution of the claim.” However, § 440.34(3)(a), Florida Statutes (1976), further requires deputy approval of “any fees, other consideration, or any gratuity on account of services so rendered . ... ” The attorney’s fee arrangement in the present case is constrained by this provision, and it is therefore necessary that claimant’s attorney obtain approval from the deputy prior to receipt of any such fee. But the absence of an express authorizing provision, in either the statute or the Workers’ Compensation Rules of Procedure, does not preclude deputy approval or otherwise prohibit the fee arrangement involved in this case. Such a prohibition would be in derogation of the common law, and the statute will not be so construed absent a clear legislative intent in this regard. Cf., East Coast Tire Co. v. Denmark, 381 So.2d 336 (Fla. 1st DCA 1980). We find no clear legislative intent to prohibit such a fee arrangement, and we therefore conclude that, in the circumstances of this case, the contractual fee arrangement between claimant and her attorney is not prohibited and is subject to deputy approval pursuant to § 440.34(3)(a), Florida Statutes (1976). In discharging his obligation under this statute the deputy should determine the reasonableness of the amount of the fee, considering the value of the service — obtaining a lump-sum payment of periodic compensation benefits previously awarded — rendered by claimant’s attorney.
The order appealed is reversed and the cause remanded for further proceedings.
ERVIN and SHIVERS, JJ., concur.