SHIVERS, Judge.
Appellants employer/carrier appeal workers’ compensation order of modification awarding claimant permanent total disability benefits and awarding claimant’s attorney a $13,750 fee.
At issue are (1) whether the deputy commissioner, upon modification, may award permanent total disability benefits to claimant based upon his worsened and totally diminished wage earning capacity, and (2) whether the attorney’s fee award is excessive.
Claimant Searcy injured his back in a compensable accident on January 3, 1972. Searcy filed a petition to modify a June 10, 1980, order which found that the claimant had sustained a 30% permanent physical impairment of the body as a whole. Following the modification hearing, the deputy found that the claimant’s condition had worsened since the June 10, 1980, order and that claimant was now permanently and totally disabled based on a total diminution of wage earning capacity. Employer/carrier contend that the deputy has failed to find that the claimant’s permanent impairment has changed, and that the deputy erred in finding claimant to be permanently and totally disabled. Employer/carrier also maintain the $13,750 attorney’s fee is excessive.
There is sound basis for the deputy’s finding that, after the initial order, claimant suffered a total diminution in his earning capacity. This finding is based on competent substantial evidence concerning claimant’s- unsuccessful attempts to find employment within his limitations as well as testimony from claimant’s rehabilitation counselor. The deputy correctly concludes that the claimant had made a good faith effort to find employment within his physical limitations. Unless unsupported by competent substantial evidence, the credibility and sufficiency of this finding are factual determinations to be made by the deputy commissioner and will not be disturbed on appeal. City of Tampa v. Bartley, 413 So.2d 1280 (Fla.App. 1st DCA 1982).
*399 In Fleshe v. Interstate Warehouse, 411 So.2d 919 (Fla. 1st DCA 1982), we held that a modification based on change in earning capacity is contemplated by section 440.28, Florida Statutes, and that such a change may be predicated on work search evidence accumulated after initial denial of wage earning capacity loss, where the initial denial was based on an inadequate work search or no work search. Although Fleshe involved a claim for wage earning capacity loss which had been initially denied because of an inadequate work search, the same logic applies where the employer/carrier would deny the claim for permanent disability benefits in excess of claimant’s anatomical rating. The focus in Fleshe is not on the type of benefits being sought, but whether evidence of a change in earning capacity after the entry of the original compensation order is sufficient to support a modification pursuant to section 440.28.
We, therefore, affirm the award of permanent total disability benefits.
As to the attorney’s fee, section 440.-34, Florida Statutes (1971) is the statutory provision in effect at the time of the com-pensable accident. It is a substantive provision insofar as it relates to the entitlement to, and the source of, payment of a claimant’s attorney’s fee. Webb v. Hills Van Service, 414 So.2d 262 (Fla. 1st DCA 1982). Section 440.34, Florida Statutes (1971) provides in part:
440.34. Attorney’s fees; costs; penalty for violations.—
(1) If the employer or carrier shall file notice of controversy as provided in s. 440.20, or shall decline to pay a claim on or before the twenty-first day after they have notice of same, or shall otherwise resist unsuccessfully the payment of compensation, and the injured person shall have employed an attorney at law in the successful prosecution of his claim, there shall, in addition to the award for compensation be awarded reasonable attorney’s fee, to be approved by the division which may be paid direct to the attorney for the claimant in a lump sum. If any proceedings are had for review of any claim, award or compensation order before any court, the court may allow or increase the attorney’s fees, in its discretion, which fees shall be in addition to the compensation paid the claimant, and shall be paid as the court may direct.
(2) There shall be further assessed against such employer or carrier, as costs in said claim, such fees and mileages for witnesses attending the hearing at the instance of claimant, as would be allowed such witnesses in cases at law.
At issue is the reasonableness of the fee to be paid claimant’s attorney by the employer/carrier, not the entitlement to, or source of, payment.
Employer/carrier argue that the fee, amounting to compensation of $312.50 per hour, is excessive. While the time spent on a case is an important factor in considering whether a fee is reasonable, it is not the sole determinant. Lee Engineering & Construction Company v. Fellows, 209 So.2d 454 (Fla.1968); Code of Professional Responsibility DR 2-106(B). In addition to the time and labor required, the deputy discussed, among other factors, the difficulty, uniqueness and novelty of the case, the contingent nature of the claim as well as the skill and professional expertise necessary to obtain the satisfactory result. The deputy found that the benefits obtained exceed $89,000. Two of the three expert witnesses testified as to a reasonable fee for claimant’s attorney higher than the $13,750 awarded.
We find there is competent substantial evidence supporting the award.
AFFIRMED.
SHAW and WIGGINTON, JJ., concur.