426 So.2d 1118 (1983)
M. SERRA CORPORATION and The Travelers Insurance Co., Appellants,
v.
Juan GARCIA, Appellee.
No. AD-481.
District Court of Appeal of Florida, First District.
February 3, 1983.
Rehearing Denied March 1, 1983.
*1119 Jerry V. Wilkey, Coral Gables, for appellants.
Arnold R. Ginsberg of Horton, Perse & Ginsberg and Ratiner & Glinn, P.A., Miami, for appellee.
PER CURIAM.
We reverse the deputy commissioner's otherwise well-written order awarding attorney's fees because, contrary to the written finding that the time and labor expended by claimant's counsel was considered in awarding the fees, the record discloses that no evidence of the time and labor expended by counsel was ever produced at the attorney's fee hearing.[1] Although we are cognizant of the fact that the deputy commissioner was thoroughly familiar with the time, effort and skill exhibited by claimant's attorney in the actual presentation of the case, the order contains no specific findings on the time expended, and the deputy commissioner's own conclusions on this factor are not a substitute for actual testimony by the claimant's attorney.
This court has often alluded to the necessity for the keeping of adequate time records by counsel, and the need for evidence on this factor, in keeping with the legislative mandate requiring consideration, among other factors, of the "time and labor required," in performing the legal service for the claimant. Section 440.34(1)(a), Florida Statutes (1981); Brevard County School Board v. Walters, 396 So.2d 1197 (Fla. 1st DCA 1981); Orange County School Board v. Van Zant, 400 So.2d 1019 (Fla. 1st DCA 1981); State, Department of Agriculture v. Handy, 413 So.2d 808 (Fla. 1st DCA 1982).
While we cannot say that the fee of $75,000.00 awarded here is "patently excessive" (Handy, 413 So.2d at 810), based on the obtaining of attendant care services for this permanently and totally disabled claimant[2] calculated as having a present day value in the half-million dollar range,[3] we cannot *1120 approve an award of fees  particularly an award of this magnitude  where it does not appear that full consideration was given to all of the factors called for by the statute. See, also, City of Leesburg v. Padgett, 397 So.2d 732, 733 (Fla. 1st DCA 1981), in which the court reviewed an attorney's fees award for obtaining attendant care benefits,[4] stating (Id. at 733):
Accordingly, we reverse the award of attorney's fees and remand the cause for reconsideration and for the determination of an appropriate lump sum fee. We caution, however, that an attorney's fee based upon the statutory sliding scale guidelines without a substantial reduction based upon the circumstances of this case, particularly the time expended in the case and the issue involved, would be considered excessive as an abuse of discretion.
We agree, however, with the award of a lump sum, rather than determination of attorney's fees on a periodic basis, in accord with City of Leesburg v. Padgett, supra.
REVERSED and REMANDED for further proceedings, including the presentation of evidence on the time and labor expended by claimant's attorney.
MILLS and LARRY G. SMITH, JJ., concur.
SHAW, LEANDER, J., Jr., Associate Judge, dissents.
NOTES
[1] Near the end of the attorney's fee hearing the deputy commissioner expressed his own uncertainty concerning the adequacy of the information presented in support of attorney's fees, as follows: "I have no evidence and the Claimant has rested his case. I have no evidence before me other than that which has been voluntarily given such as now, on any of the factors or the criteria to be used in setting a fee other than the benefits obtained. And what have you. And I have some serious problems with whether or not  I don't know how many hours are involved, I don't know whether there were any novel questions involved, I don't know if there was any handholding involved, I don't know the many things that I am going to be  going to have some evidence on before I can make a determination, and the Claimant has already rested his case... ." (emphasis supplied)
[2] The employer/carrier voluntarily accepted a permanent total disability rating for injuries received when the claimant fell approximately five stories from a mobile scaffold which collapsed while claimant was working on it. The attorney's fee application related solely to services rendered in obtaining payment of medical expenses of $19,538.28 incurred and attendant care, which had been provided earlier by the E/C, but was discontinued by the E/C on December 8, 1979.
[3] Based on claimant's life expectancy of 28.49 years. The December 1, 1980 order for attendant care ordered the E/C to

"2. Provide to the claimant a certified and/or accredited professional attendant to provide care four (4) hours per day (two (2) hours in the morning, two (2) hours in the afternoon) seven (7) days per week."
The order does not specify a termination date for attendant care benefits, nor could it, ordinarily, except in a general way, such as "for so long as such care is required." The E/C's attorney argued below and asserts here that the claimant's life expectancy cannot be utilized in determining the value of the benefits awarded. However, the deputy commissioner ruled otherwise, and we have not been referred to authority to the contrary. Language in Basford v. Florida Power & Light Company, 246 So.2d 1, 2 (Fla. 1971), although dealing with compensation benefits, not attendant care, would tend to support consideration of life expectancy. We think the following language from Basford is also pertinent (Id. at 2):
When making an award of an attorney's fee, the Judge is to take into consideration those facts which he has before him at that time. He is not to make his award based on conjecture as to what might happen, but rather on the basis of what has happened and what reasonable medical probability indicates will happen.
The "medical probability" standard, per the above quote, would appear to furnish the proper guide for the deputy commissioner in this case. We find no basis upon which to hold that this standard was not followed here.
[4] The award in Padgett was $5,000.00 for benefits received to date, with reservation of jurisdiction for the purpose of awarding attorney's fees on not more than a yearly basis for as long as the claimant continued to need attendant care. 397 So.2d at 733.