435 So.2d 967 (1983)
DEPARTMENT OF HEALTH & REHABILITATIVE SERVICE/DIVISION OF BLIND SERVICES and Division of Risk Management, Appellants,
v.
Amy BEAN, Appellee.
No. AQ-69.
District Court of Appeal of Florida, First District.
August 5, 1983.
C. Anthony Schoder, Jr., Daytona Beach, for appellants.
Janet R. DeLaura of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Rockledge, for appellee.
SHIVERS, Judge.
We have for review an order of the deputy commissioner (DC) awarding claimant's attorneys a fee of $50,000.00 for legal services rendered in securing claimant compensation benefits. We reverse.
To comport with the requirements of law, an order awarding attorney's fees must indicate what factors were considered in determining the amount of the fee. Specifically, the order must contain findings of fact indicating which criteria set forth in Lee Engineering & Construction Co. v. Fellows, 209 So.2d 454 (Fla. 1968), were considered and how they were applied. An appellate court is not required to review the record and speculate on the basis of the award. Casings, Florida, Inc. v. Williams, 389 So.2d 705 (Fla. 1st DCA 1980). In this case, the order merely states that the factors in Lee Engineering were considered, without making any findings indicating how those factors applied or upon what factor(s) the fee award was based. Moreover, the order fails to set forth any finding as to the amount of benefits secured by claimant's attorneys. Without such findings, this court is unable to give the fee award issue meaningful review. On this basis, we reverse and remand the matter to the DC for entry of a proper order. See Sherwood Medical Industries v. Ward, 397 So.2d 396 (Fla. 1st DCA 1981); Casings, supra; State v. Caldwell, 388 So.2d 640 (Fla. 1st DCA 1980); Manny's Dresses v. Arias, 390 So.2d 1241 (Fla. 1st DCA 1980). We express no opinion on the other issues raised on appeal, all of which relate to the fee award.
REVERSED and REMANDED.
ROBERT P. SMITH, Jr., and NIMMONS, JJ., concur.