452 So.2d 125 (1984)
COMMERCIAL CARRIER CORPORATION, Appellant,
v.
Elliott L. PORTER, (Deceased) Appellee.
No. AV-173.
District Court of Appeal of Florida, First District.
June 8, 1984.
Bernard J. Zimmerman of Sheffield, Kiser & Sutcliffe, Orlando, for appellant.
Peter S. Schwedock of Pelzner, Schwedock, Finkelstein & Klausner, P.A., Miami, for appellee.
PER CURIAM.
Commercial Carrier Corporation appeals the Deputy Commissioner's order dated September 20, 1983, awarding claimant's attorney $27,500.00 in attorneys fees, complaining that the order is inadequate to support the award. We agree.
In an earlier appeal, Commercial Carriers, Inc., v. Porter, 424 So.2d 155 (Fla. 1st DCA 1982) this Court reviewed an order in which the Deputy Commissioner had, among other things, awarded claimant's attorney a fee of $36,500.00 based on a finding that claimant's attorney had obtained $90,000 in benefits for claimant. In that appeal, we reversed and remanded the award of $36,500 in attorney's fees expressly finding that there was not competent substantial evidence to support a finding that claimant's counsel had obtained $90,000.00 in benefits and implicitly directing the Deputy Commissioner to determine what amount of benefits obtained by counsel's efforts could be supported by such evidence. The Deputy Commissioner, in *126 entering the order now being reviewed,[1] apparently failed to understand the directive set forth in our opinion.
In his new order, the Deputy Commissioner did reduce the amount of the fee from $36,500 to $27,500. It is still, however, totally unclear as to what amount of benefits the Deputy Commissioner based his $27,500 award in that the order contains no new modified finding of the benefits received as a result of the representation by claimant by claimant's attorney. In the order, the Deputy Commissioner simply stated that he had "considered the benefits in light of the District Court of Appeal's decision, as well as all the findings made in the Order of September 2, 1981," and awarded $27,500 in attorney's fees.
In addition, there is confusion in the two numbered findings of the order on appeal. In paragraph one, the order states that $36,500 of the original award was based on 175 hours spent prosecuting the claim, exclusive of certain benefits reversed by our earlier opinion involving American Hospital or Dr. Paul Rivet. Nonetheless, in paragraph two, the DC awarded $27,500 in attorney's fees based on both the "benefits" obtained, without quantifying them, and the findings of the September 1981 order (which had been set out as the employer's tenacity in resisting the claim; the complexity of the issues; the time and labor involved; the fact a great contingency was involved; and claimant's attorney's expertise.)
The order being reviewed does not contain proper findings so as to permit an orderly review, nor does it advise the parties or the appellate court of the legal logic indulged in by the Deputy Commissioner. The Deputy Commissioner incorporated the factors from Lee Engineering and Construction Co. v. Fellows, 209 So.2d 454 (Fla. 1968) which he had considered in the 1981 order, and stated that he had found sufficient evidence to indicate that claimant's attorney had expended 175 hours on the case. This Court, however, having reversed solely on the grounds that the Deputy Commissioner lacked competent substantial evidence on which to find the attorney had secured $90,000 in benefits, was asking the Deputy Commissioner on remand to delineate and quantify the amount of benefits secured for claimant which could be supported by competent substantial evidence. The court was not asking the Deputy Commissioner to shift his weight to a different leg and rely on the remaining, unaddressed Lee Engineering factors expressed in the September 1981 order. While the order on remand indicates the factors upon which the Deputy Commissioner relied in awarding $27,500 by incorporating the reversed order, Lee Engineering, supra, a fee cannot be approved where it does not appear that full consideration was given to all of the factors. M. Serra Corp. v. Garcia, 426 So.2d 1118, 1120 (Fla. 1st DCA 1983); City of Leesburg v. Padgett, 397 So.2d 732, 733 (Fla. 1st DCA 1981). The sixth listed factor to be considered under Lee Engineering *127 is "the amount involved and the benefits resulting to the client."
The Order of September 20, 1983, is REVERSED and REMANDED for further proceedings consistent with this opinion which shall include the listing of the specific benefits and their specific values secured for claimant by his attorney which are supported by competent substantial evidence.
WENTWORTH, JOANOS and BARFIELD, JJ., concur.
NOTES
[1] The Order on appeal reads as follows:

THIS CAUSE came on before the undersigned Deputy Commissioner, pursuant to the remand by the First District Court of Appeal for re-determination of attorney fees, in light of the opinion filed on December 29, 1982, and, pursuant to that mandate, the undersigned makes the following findings:
1. That the undersigned finds that Claimant's counsel expended 175 hours in prosecuting the claim insofar as the original fee of $36,500.00 was concerned. No time was considered for the prosecution of the claim on behalf of American Hospital, or Dr. Paul Rivet.
2. That the undersigned has considered the benefits in light of the District Court of Appeal's decision, as well as all the findings made in the Order of September 21, 1981, and based upon this, the undersigned finds that claimant's counsel is entitled to the sum of $27,500.00 as and for reasonable attorney's fees.
WHEREFORE, the undersigned Deputy Commissioner Orders the Employer/Carrier to:
1. Pay the law firm of Pelzner, Schwedock, Finkelstein and Klausner, PA, counsel for claimant, the sum of $27,500.00 as and for reasonable attorney's fees.
DONE AND ORDERED at Miami, Dade County, FL this 20 day of September, 1983.
 /s/ DAVID L. TRASK
 DEPUTY COMMISSIONER