453 So.2d 82 (1984)
MT. SINAI MEDICAL CENTER and All Risk Corporation of Florida, Appellants,
v.
Mamie SAMUELS, and Division of Workers' Compensation, Appellees.
No. AX-10.
District Court of Appeal of Florida, First District.
July 3, 1984.
John F. McMath, of John F. McMath, P.A., Miami, and Mary Ann Stiles, of Stiles and Allen, P.A., Tampa, for appellants.
R. Cory Schnepper, of Ser, De Cardenas, Levine, Busch & Schnepper, P.A., Miami, and Jay M. Levy, of Hershoff & Levy, Miami, for appellees.
WIGGINTON, Judge.
The employer/carrier appeal from the deputy commissioner's order in which the deputy found that they had acted in bad faith, and ordered that they pay claimant's attorney's fee, found by the deputy to be *83 $25,000. We affirm, but remand for further consideration in light of our decision in the parties' earlier appeal from the deputy's award of compensation benefits.
There was competent and substantial evidence to support the deputy's finding of bad faith. The record clearly indicates that the E/C had knowledge of claimant's need for further medical attention, and completely failed in their duty to pursue and investigate actively and expeditiously their obligation to pay benefits. Florida Erection Services, Inc. v. McDonald, 395 So.2d 203 (Fla. 1st DCA 1981); Holiday Care Center v. Scriven, 418 So.2d 322 (Fla. 1st DCA 1982). Indeed, the E/C's duty to investigate held true regardless of whether the notice was received from an unauthorized physician. DiMuro v. Dave's Tile Service, Inc., 409 So.2d 107 (Fla. 1st DCA 1982). No abuse of discretion has been shown.
There was also competent and substantial evidence to support the deputy's award of a $25,000 attorney's fee. Proper findings of fact were made by the deputy pursuant to the criteria set forth in section 440.34(1), Florida Statutes (1981). Mueller v. Searcy, 418 So.2d 397, 399 (Fla. 1st DCA 1982). In light of those findings, we hold the award not to be excessive.
However, we recently reversed a portion of the deputy's award of benefits to claimant, holding that claimant was not entitled to temporary partial disability benefits during one particular period of the award. See Mt. Sinai Medical Center v. Samuels, 453 So.2d 81 (Fla. 1st DCA 1984). Thus, the total benefits received by claimant through the diligence of her attorney are now somewhat reduced; and, as one of the criteria to be considered in setting an attorney's fee is the amount of benefits obtained, we must remand the cause to the deputy for reconsideration in light of the reduction.
MILLS and SHIVERS, JJ., concur.