457 So.2d 1132 (1984)
The SCHOOL BOARD OF COLLIER COUNTY, Florida, Appellant,
v.
Nancy SALTER, Appellee.
No. AX-414.
District Court of Appeal of Florida, First District.
October 16, 1984.
James H. Siesky, P.A., Naples, for appellant.
Richard I. Cervelli, P.A., Naples, for appellee.
PER CURIAM.
The deputy's order awarding claimant's attorney a fee of $8,500.00 is reversed for failure to make a finding of the benefits obtained for claimant by the attorney and for failure to adequately explain how the factors in Lee Engineering and Construction Co. v. Fellows, 209 So.2d 454 (Fla. 1968), were applied to arrive at the fee awarded. Commercial Carrier Corp. v. Porter, 452 So.2d 125 (Fla. 1st DCA 1984); and Department of Health and Rehabilitative Services/Division of Blind Services v. Bean, 435 So.2d 967 (Fla. 1st DCA 1983). We hasten to add that this reversal should not be interpreted as an indication that we view the award of $8,500.00 as excessive and/or an abuse of discretion. The order simply does not contain the necessary findings to permit an orderly review by this court, in the face of the specific questions raised by the E/C concerning the extent to which the amount of the award was affected by the method of calculating benefits obtained for the claimant. Upon remand, the deputy is directed to consider Deese v. Oolite Rock Company, IRC Order 2-1045 (1961), affirmed, 134 So.2d 241 (Fla. 1961), which requires the present value of claimant's compensation payments to be determined and used for purposes of calculating the statutory schedule amount of attorney's fees due under Section 440.34(1), Florida Statutes (1977). Deese provides that the four percent (4%) statutory discount *1133 factor may be utilized to compute the present value of claimant's compensation payments. Since the date of accident in this case is May 24, 1978, the newly enacted eight percent (8%) statutory discount factor, which has been held by this court to be prospective only, would not apply. Cone Brothers Contracting v. Gordon, 453 So.2d 420 (Fla. 1st DCA 1984).
Accordingly, the deputy's order is REVERSED and the cause REMANDED for proceedings consistent with this opinion.
BOOTH, SMITH and THOMPSON, JJ., concur.