458 So.2d 1145 (1984)
CENTRAL TRUCK LINES, INC. and Liberty Mutual Insurance Company, Appellants,
v.
Noah COLEMAN, Appellee.
No. AW-382.
District Court of Appeal of Florida, First District.
October 26, 1984.
*1146 A.H. Lane of Lane, Trohn, Bertrand & Williams, Lakeland, for appellants.
Sherry L. Davis of Meyers & Mooney, Orlando, for appellee.
PER CURIAM.
This cause is before us on appeal from the order of the deputy awarding claimant's attorney a fee of $40,000 for services performed in obtaining compensation benefits of $325,208.38 as a result of an industrial injury by accident occurring June 30, 1981. We do not find this fee to be excessive; however, we are constrained to remand the cause because the deputy, in his order, failed to evaluate the statutory factors enumerated in Sections 440.34(1)(a-h), Florida Statutes, and to indicate how each factor was operative in determining the fee. Aetna Maintenance Corp. v. La Baff, 377 So.2d 53 (Fla. 1st DCA 1979).
The order of the deputy is, in pertinent part, as follows:
I considered, weighed, and evaluated the testimony presented to me by the witnesses concerning each of the relevant factors set forth in FS 440.34(a) (a)-(h). A guidesline [sic] attorney fee on the benefits secured would be approximately $49,000.00. I have decreased the guidelines fee by approximately $9,000.00 due to the time of 62 hours. The Court in considering factor 440.34(1)(a) recognizes the claimant's attorney is outstanding in his abilities as a workers' compensation specialist attorney and has specialized in the area of law for many years and has a breadth of experience that few workers' compensation attorneys can approach. The average workers' compensation practioneer [sic] would have spent probably a [sic] 100 hours to do what claimant's attorney accomplished in 62 hours.
In addition, emphasis was placed by me on factor (h) as to the contingency aspect of the claim.
Factor (g) played a most important part in my consideration of the fee due to the amount of the benefits secured by claimant's attorney for his client.
The foregoing order fails to evaluate in full the statutory factors required, specifically Section 440.34(1)(a), the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; factors of Sections 440.34(1)(b), (c), (e), and (f) are not evaluated at all, and factor (h) is mentioned but without explanation. Finally, it does not appear that the deputy considered whether concessions or admissions made by the employer/carrier in this case simplified or shortened the litigation, a matter entitled to consideration under this Court's opinion in Moss v. Keller Industries, Inc., 393 So.2d 574 (Fla. 1st *1147 DCA 1981). The determination of a reasonable attorney's fee is not to be based on a strictly mechanical formula, either a percentage of the benefits secured or a fixed hourly rate for services performed. All factors required under the statute and case law must be considered and evaluated expressly in the order awarding fees.[1]
Accordingly, the order is reversed and the cause remanded for further proceedings consistent herewith.
BOOTH, SMITH and THOMPSON, JJ., concur.
NOTES
[1] 8 Davis Workers' Compensation § 684 (1982).