SHIVERS, Judge.
The claimant in this workers’ compensation case appeals the sufficiency of a 1987 order awarding $12,500 in attorney’s fees based on the employer/carrier’s (E/C’s) bad faith failure to accept the claimant as permanently and totally disabled (PTD). The employer/carrier cross-appeal the deputy commissioner’s underlying finding of bad faith.
*1225 We affirm the issue on cross appeal, finding there to be competent and substantial evidence in the record to support the deputy’s finding that the E/C’s failure to accept the claimant as PTD prior to the January 3, 1984 hearing on PTD benefits amounted to bad faith. Burnup & Sims, Inc. v. Ozment, 440 So.2d 29 (Fla. 1st DCA 1983). However, we reverse that portion of the order determining the amount of attorney’s fees, based on the deputy’s failure to determine the amount of benefits secured by the claimant’s attorney, section 440.34(1), Florida Statutes; School Board of Collier County v. Salter, 457 So.2d 1132 (Fla. 1st DCA 1984), and his failure to expressly consider the guidelines and factors set out in section 440.34(l)(a)-(h), Florida Statutes. Central Truck Lines, Inc. v. Coleman, 458 So.2d 1145 (Fla. 1st DCA 1984); AT & T Technologies, Inc. v. Jackson, 478 So.2d 488 (Fla. 1st DCA 1985); W.A. Doss & Sons, Inc. v. Barbato, 487 So.2d 377 (Fla. 1st DCA 1986).
Accordingly, we affirm the deputy’s finding of bad faith, reverse the amount of attorney’s fees awarded, and remand for reconsideration in light of the factors required under the statute and case law.
AFFIRMED in part, REVERSED in part, and REMANDED.
MILLS and WIGGINTON, JJ., concur.