PER CURIAM.
This cause is before us on appeal from the order of the deputy commissioner awarding an attorney fee for services performed in a medical-only claim for psychiatric care. In his order of November 25, 1987, the deputy awarded certain costs and a fee of $3,500 to claimant’s attorney. Although the deputy stated that he considered the evidence presented, the provisions of Section 440.34, Florida Statutes, and the criteria outlined in Lee Engineering & Construction Co. v. Fellows, 209 So.2d 454 (Fla.1968), he failed to specify the factors relied on to arrive at the $3,500 figure. Further the deputy states that he did not consider Dr. Sprehe’s bills in arriving at the fee because the employer/carrier timely authorized the treatment by that doctor.
We reverse since the deputy’s order does not explain how the factors enumerated in Lee Engineering were applied,[1] and the finding regarding authorization of psychiatric treatment is not supported by competent, substantial evidence. Both Dr. Te-done and Dr. Wayslik determined in January that claimant needed psychiatric testing, and a claim for psychiatric treatment was requested in February of 1986. However, the employer/carrier did not authorize Dr. Sprehe for the needed testing until July 14, 1986.
Accordingly, the order is REVERSED and REMANDED for proceedings consistent herewith.
BOOTH, SHIVERS and THOMPSON, JJ., concur.

. Williams v. Delta Upsilon Fraternity, 462 So.2d 552 (Fla. 1st DCA 1985); Commercial Carrier Corp. v. Porter, 452 So.2d 125 (Fla. 1st DCA 1984); Department of Health & Rehabilitative Services/Division of Blind. Services v. Bean, 435 So.2d 967 (Fla. 1st DCA 1983).