PER CURIAM.
This cause is before us on appeal of an order awarding a $15,000 attorney fee pursuant to Section 440.34(l)(a-h), Florida Statutes (1987). Although claimant raises several issues for our consideration, we only find it necessary to discuss the first. We agree with claimant that the order’s failure to consider many of the statutory factors, and render specific findings thereon, makes this order unreviewable by this court. On remand, the deputy commissioner is directed to enter an order specifically considering all of the statutory factors[1] and award an attorney fee based on the value of benefits obtained as set by the workers’ compensation fee schedule. If the deputy deviates from the fee schedule recommendation, his reasons for doing so must be explicit in the order. The deputy’s current findings on the likelihood of receipt of future medical and wage-loss benefits are also vacated so that these matters may be reconsidered in light of specific findings on all the statutory criteria. The record indicates some medical treatment will be required, either suppresser-agent therapy or surgery, with surgery particularly likely if suppresser treatment fails. Likewise, limiting wage-loss benefits to one year is unsupported by this record, which shows a substantial income drop, de facto sheltered employment, and no evidence that an increase in income is likely after one year.[2]
Reversed and remanded for further proceedings in accordance with this opinion.
ERVIN, BOOTH and THOMPSON, JJ., concur.

. These factors were first enunciated in Lee Engineering and Construction Company v. Fellows, 209 So.2d 454 (Fla.1968), and were subsequently codified by the Legislature.

. We note the employer/carrier’s declaration in a footnote of their brief that they intend to reclassify claimant’s wage-loss benefits as temporary total disability benefits. That issue is not before us, and this opinion should not be taken as approving the proposed action.