PER CURIAM.
This cause is before us on appeal from an order of the deputy commissioner awarding claimant’s attorney a fee of $22,500 for services performed in obtaining workers’ compensation benefits arising from claim *349 ant’s compensable back injury of May 1984. We do not find this fee unreasonable; however, we are constrained to remand the cause because the deputy, in his order, failed to evaluate the statutory factors enumerated in Section 440.34(l)(a-h), Florida Statutes, and to indicate how each factor was operative in determining the fee. Central Truck Line, Inc. v. Coleman, 458 So.2d 1145 (Fla. 1st DCA 1984); Aetna Maintenance Corporation v. LaBaff, 377 So.2d 53 (Fla. 1st DCA 1979).
The deputy stated in his order that his determination of attorney fees was based on the evidence, the provisions of Section 440.34, Florida Statutes, and the criteria enumerated in Lee Engineering & Construction Co. v. Fellows, 209 So.2d 454 (Fla.1968). Although he specifically evaluated several of the factors in Section 440.34(1) in departing from the guideline fee, the deputy failed to determine the amount of benefits secured by claimant’s attorney and did not evaluate the factors of Sections 440.-34(l)(b), (c), (d), (e), and (f). All factors required under the statute and case law must be considered and evaluated expressly in the order awarding attorney fees.
Accordingly, the order is reversed and the cause remanded for further proceedr ings consistent herewith.
BOOTH and THOMPSON, JJ., concur.
ERVIN, J., concurs in result.