WENTWORTH, Judge.
Employer/carrier seek review of a workers’ compensation order by which an attorney’s fee was awarded. We find that the fee was properly denominated a bad faith *404 award pursuant to section 440.34(3)(b), Florida Statutes, so as to be entirely excluded from recoupment in the carrier’s rate base, premium, or rate filing. We further find that the record contains an adequate predicate for the amount of the fee. In the circumstances of this case we find no improper anticipation or prejudgment in the deputy’s statement that the amount would be unchanged even should employer/carrier prevail in their separate appeal which challenged a portion of the underlying compensation award. We therefore affirm the order awarding a bad faith attorney’s fee.
Claimant sought worker’s compensation benefits and a hearing was held after which the deputy entered an order finding that claimant had sustained compensable industrial injuries. Compensation was awarded for permanent total disability, temporary total disability, medical treatment, and attendant care. Indicating that employer/carrier had denied the occurrence of injuries for which compensation was payable, the deputy determined that claimant is entitled to payment of his attorney’s fee in accordance with section 440.34(3)(c), Florida Statutes. The deputy reserved jurisdiction as to the amount of the fee, and to further determine whether employer/carrier had acted in bad faith. The compensation order was appealed to this court by employer/carrier upon several issues affecting various benefits, but not challenging the provisions as to the attorney’s fee.
A hearing was then held on the issue of bad faith and the amount of claimant’s attorney’s fee. Employer/carrier stipulated to entitlement to a fee based upon the deputy’s earlier order, and argued that the deputy should not consider bad faith because entitlement to a fee was already established. In rejecting this argument the deputy emphasized that a bad faith award is punitive and precludes re-coupment in the carrier’s rate base as provided in section 440.34(3), Florida Statutes.
Alternative findings of entitlement to an attorney’s fee based upon both wrongful controversion and bad faith handling of a claim were approved in Sonesta Beach Hotel v. Hinckley, 483 So.2d 102 (Fla. 1st DCA 1986). Like the deputy in the present case, Sonesta acknowledged that even if a fee is awardable for denying the occurrence of a compensable injury the additional predicate of bad faith is pertinent to the statutory preclusion of rate base recoupment of the fee. Although Sonesta involved alternative findings in a single order, the additional bad faith finding is equally pertinent in sequential proceedings. As was recognized in Holiday Care Center v. Scriven, 418 So.2d 322 (Fla. 1st DCA 1982), both this court and the deputies have a responsibility to hold employers and carriers to the standards imposed upon them by chapter 440 with regard to the handling of worker’s compensation claims. Thus, even though entitlement to a fee was already established in the present case, the deputy was entitled to conduct the subsequent bad faith proceeding.
There is sufficient evidence to support the deputy’s determination that employer/carrier acted in bad faith in handling the claim, and that claimant thereby suffered economic loss. A bad faith attorney’s fee was therefore properly awarded pursuant to section 440.34(3)(b), and in accordance with the statute the deputy correctly noted that carrier may not recoup this fee in its rate base. Such non-recoupment applies to the entire fee, which was based upon all reasonably predictable benefits which flowed from the intervention of claimant’s attorney. While section 440.-.34(3) was amended in 1986 to include language regarding the benefits which the deputy should consider in awarding a fee under section 440.34(3)(b), we do not address what effect, if any, this amendment would have in the circumstances of the present case since the amendment did not become effective until after claimant’s accident.
In determining the amount of the fee to be awarded the deputy considered the pertinent statutory criteria, including the time and labor expended on the case. Claimant’s attorney kept detailed time records as to most of his efforts. A small portion of the time was based upon recol *405 lection and estimation, for which counsel described his activities from memory. It is advisable for counsel to keep accurate and complete time records. See Barr v. Pantry Pride, 518 So.2d 1309 (Fla. 1st DCA 1987); M. Serra Corp. v. Garcia, 426 So.2d 1118 (Fla. 1st DCA 1983), pet. for review denied 434 So.2d 887 (Fla.1983). But sufficient evidence was presented as to all of the hours which the deputy considered. The deputy was entitled to rely upon these hours, including the small portion based upon recollection and estimation, in determining the appropriate amount of the attorney’s fee. See Brevard Community College v. Barber, 488 So.2d 93 (Fla. 1st DCA 1986).
The fee which the deputy awarded was substantially below the amount resulting from the percentage formula in section 440.34(1), Florida Statutes. The deputy indicated that the fee was reduced to avoid an excessive hourly rate, and stated that the same amount would be awarded even if employer/carrier should prevail in their appeal of the compensation order. The deputy noted that the appeal (which is currently pending in this court as case no. 88-536) involves only a small portion of the total benefits awarded, and that the attorney’s fee was less than the amount which would result from applying the statutory percentage formula to the unchallenged benefits.
The deputy followed the procedure established in section 440.34(1) by determining the amount of benefits and the resulting fee upon applying the statutory percentage formula, and then giving consideration to the other statutory criteria and accordingly reducing the fee. The amount of benefits obtained is the starting point for the fee determination. See Mt. Sinai Medical Center v. Samuels, 453 So.2d 82 (Fla. 1st DCA 1984). However, this does not mean that a fee must necessarily be altered upon a change in the amount of benefits. A departure from the statutory percentage formula should be made only in exceptional circumstances, see Fiesta Fashions Inc. v. Capin, 450 So.2d 1128 (Fla. 1st DCA 1984), and the deputy had already reduced claimant’s attorney’s fee. The alternative finding that the fee would not be further reduced was based upon a consideration of the potential change in benefits, and the circumstance that the fee awarded is still below the percentage formula amount which would result from such change. In the context here presented, the procedure which the deputy utilized fully comports with section 440.34(1).
The order appealed is affirmed.
SHIVERS and NIMMONS, JJ., concur.