ZEHMER, Chief Judge.
We have for review the order of the judge of compensation claims awarding, inter alia, a fee to Claimant’s attorney in the amount of $210,00.0 for his efforts in obtaining attendant care benefits. Claimant argues that the award is defective (1) for failing to address any of the factors set forth in Lee Engineering & Construction Company v. Fellows, 209 So.2d 454 (Fla.1968), as later codified in section 440.34(l)(a)-(h), Florida Statutes (1977); (2) for improperly employing a lodestar approach; (3) for utilizing an inapplicable discount factor; and, (4) for arriving at an erroneous determination of the amount of benefits obtained. We reverse.
Claimant suffered a compensable injury to her spine on April 8, 1977, and has undergone three laminectomies which ultimately resulted in her losing bowel and urinary control. In 1980, Claimant secured legal representation by Alfred Gustinger who has continued to represent her to date. In 1988, Gustinger obtained an order from the judge of compensation claims directing the Employer/Carrier to provide Claimant attendant care for 16 hours per day at a cost of $7.00 per hour. In May 1991, the parties stipulated to an increase in the cost of attendant care to $9.50 per hour.
*102 Because Claimant’s condition continued to deteriorate, Gustinger requested in August 1991 medical care on a 24-hour-a-day, 7-day-a-week basis. The claim was opposed by the Employer/Carrier and went to hearing before the judge of compensation claims. As a result, the judge entered an order awarding to Claimant the requested increase in attendant care to be provided by a licensed practical nurse who would be supervised by a registered nurse or medical doctor. The cost for this new care was found to be $25.00 per hour. The judge also concluded that Claimant’s attorney was entitled to a fee. Following two hearings held on this issue, the judge entered an order finding that Alfred Gustinger expended 1,050 hours on Claimant’s ease, achieved benefits with a present-day value of $1,449,243.09, and was therefore entitled to a fee of $210,000.00. No other findings were entered with regard to attorney’s fees. Claimant’s experts had calculated fees ranging between $979,182 and $1,351,600.
Without passing on the adequacy of the fee awarded, we agree with Claimant that the judge’s order is defective, primarily in failing to specify or apply any of the factors set forth in Lee Engineering & Construction Company v. Fellows. This omission alone calls for reversal and remand for additional consideration. See Von Hartman v. Publix Supermarkets, 534 So.2d 938 (Fla. 1st DCA 1988); Williams v. Delta Upsilon Fraternity, 462 So.2d 552 (Fla. 1st DCA 1985); Commercial Carrier Corporation v. Porter, 452 So.2d 125 (Fla. 1st DCA 1984); Department of Health and Rehabilitative Service v. Bean, 435 So.2d 967 (Fla. 1st DCA 1983). On remand, however, the judge may apply the 1977 version of section 440.34, which codifies the Lee Engineering factors, but which also employs a modest contingent percentage formula as a starting point. See Okaloosa County Gas District v. Mandel, 394 So.2d 453 (Fla. 1st DCA 1981) (holding that the 1977 amendments to section 440.34 were not the type of radical or substantive change which would preclude retrospective application).
Claimant also argues that the judge based his fee award upon an inapplicable discount factor. The judge found that the benefits obtained by Gustinger had a present-day value of $1,449,243.09. The judge accepted the Employer/Carrier’s valuation based upon the additional cost of attendant care benefits of $15.50 per hour ($25.00 per hour minus the earlier award costing $9.50 per hour); care for 24 hours a day; a 22.6 years’ life expectancy; and an 8 percent discount factor. Claimant urges that the 8 percent factor is inapplicable because the accident in this case occurred in 1977, when the discount factor was only 4 percent. We agree with Claimant, but not for the reason she advances.
The 4 percent discount rate was borrowed from section 440.20(10), Florida Statutes (1975). While that section actually pertains to wash-out settlements and lump-sum advances of compensation benefits, the rate set forth therein has also been applied to compute the present value of benefits obtained for the claimant in determining a reasonable fee. See Tri State Motor Transit Company v. Judy, 566 So.2d 537 (Fla. 1st DCA 1990); Locke v. Rooney, 508 So.2d 467 (Fla. 1st DCA 1987); School Board of Collier County v. Salter, 457 So.2d 1132 (Fla. 1st DCA 1984). However, after careful analysis of these cases, we see no logical reason to require the strict application of the statutory discount factor to the calculation of an attorney’s fee. Rather the determination of present value should be based on the evidence, including expert testimony, presented at the hearing, which may also include reference to this statutory discount rate.
The notion that the statutory discount factor is relevant to the attorney fee issue was first advanced by this court in School Board of Collier County v. Salter, wherein we observed that the challenged fee order did not adequately set forth the Lee Engineering factors to permit an orderly review. However, upon remand, the then deputy commissioner was directed to consider an earlier decision by the Industrial Relations Commission set forth in Deese v. Oolite Rock Company, IRC Order 2-1045 (1961), affirmed on other grounds, 134 So.2d 241 (Fla.1961), in which the IRC focused on the failure of the experts, in their calculations of a reasonable attorney’s fee, to reduce the compensation *103 benefits obtained to present value. In emphasizing a need for such a reduction, the IRC turned, by analogy, to section 440.-20(10), which, in the commission’s words, provided that “when future payments of compensation are discharged by payment of a lump sum, same shall be in an amount equal to the present value of all future payments of compensation computed at four percent true discount compounded annually.” Id. at 7. Applying that same discount factor, the IRC, by way of example, computed the present value of the benefits obtained by employing the same figures as those used in the expert testimony. However, because it was “so obvious” that the deputy commissioner had arrived at a fee without making a similar calculation, the IRC remanded the cause for reconsideration, directing that “to the extent that the amount of the recovery [of benefits] is used as a factor in determining a reasonable fee to be paid in lump sum, the amount of the recovery should be deemed to be a sum equal to the present value thereof.” Id.
Much later, in Salter, we interpreted Deese to provide that “the four percent (4%) statutory discount factor may be utilized to compute the present value of claimant’s compensation payments.” 457 So.2d at 1133. (Emphasis added.) We went on to hold that since the accident in Salter occurred in 1978, the newly enacted 8 percent statutory discount factor would not apply because that amendment was held to be prospective only, according to our decision in Cone Brothers Contracting v. Gordon, 453 So.2d 420 (Fla. 1st DCA 1984), pet. rev. denied, 461 So.2d 113 (Fla.1985). In Gordon, we observed that section 440.20(12) (formerly section 440.-20(10)) was substantially amended to provide for an increase in the statutory discount factor from 4 percent to 8 percent. As accurately noted in Salter, Gordon did hold that the 1983 amendments were substantive in nature and therefore applicable only to accidents occurring after their effective date; however, there is absolutely nothing in that decision suggesting that its holding is relevant to the calculation of a reasonable attorney’s fee.
Furthermore, there is nothing in the IRC’s opinion in Deese which would support such a conclusion. It is clear in Deese that the IRC was concerned solely with the fact that a fee had been computed in part by the expert’s utilization of the monetary amount of benefits achieved without reducing the amount to its present worth. Because the fee was awarded in lump sum, as opposed to “a small weekly amount to be paid so long as nursing care i[s] provided,” id., the IRC analogized the situation to one arising under section 440.20(10). However, in remanding the cause, the IRC simply directed the deputy commissioner to reconsider the amount of a reasonable fee; it did not mandate the use of the statutory discount factor. Thus, Deese stands only for the proposition that the computation of the present value of benefits obtained as a factor in the determination of a lump sum award of an attorney’s fee is strictly a matter of proof to be established by evidence and expert testimony. A judge of compensation claims is certainly not bound by that holding to use only the statutory discount factor. Our decisions in School Board of Collier County v. Salter, Locke v. Rooney, and Tri State Motor Transit Company v. Judy should not be read as holding otherwise.
As a final point, Claimant urges that the judge erred in deducting the cost of the prior award for attendant care benefits in the amount of $9.50 per hour from the present award costing $25.00 per hour to arrive at an hourly figure of $15.50. Claimant urges that the earlier award of attendant care bears no logical relationship to the more professional licensed practical nursing care presently awarded. Claimant also points out that the early award was for only 16 hours of attendant care, whereas the instant award is premised upon 24r-hour-a-day care. A claimant’s attorney is entitled to a fee based upon the benefits obtained through his or her efforts. See, generally, Samurai of the Falls, Inc. v. Sul, 509 So.2d 359 (Fla. 1st DCA), rev. denied, 518 So.2d 1274 (Fla.1987). In the instant case, that amount would be the increase in the cost and quality of the attendant care. Thus, the judge of compensation claims properly deducted the cost of attendant care benefits previously achieved by Gus-tinger from that presently ordered to arriv *104 ing at an accurate determination of benefits he obtained for Claimant.
For the foregoing reasons, the order is REVERSED and this cause is REMANDED for further proceedings consistent with this opinion.
ERVIN, J„ and SMITH, LARRY G„ Senior Judge, concur.