PER CURIAM.
The judge of compensation claims did not abuse her discretion in awarding an attorney’s fee of $14,601, an amount within the range supported by expert testimony. See Rolle v. Metropolitan Dade County, 642 So.2d 100, 103 (Fla. 1st DCA 1994) (holding that when calculating a statutory attorney’s fee, the present value of future benefits “is strictly a matter of proof to be established by evidence and expert testimony.”).
Appellant’s reliance on Tri-State Motor Transit Co. v. Judy, 566 So.2d 537 (Fla. 1st DCA 1990), Locke v. Rooney, 508 So.2d 467 (Fla. 1st DCA 1987), and School Board of Collier County v. Salter, 457 So.2d 1132 (Fla. 1st DCA 1984), is misplaced. Before Rolle these cases could have been read to require judges of compensation claims to calculate the present value of future benefits themselves. But our decision in Rolle renders any such calculation by a judge of compensation claims unnecessary. Calculation of present value of future benefits by the judge of compensation claims in the present case was superfluous.
It is necessary to reduce a stream of future payments to present value before calculating a statutory fee, to be sure, as the *376 attorney who was the employer’s expert witness testified. The same expert also testified that a statutory fee would be in the range of $14,000 to $16,000. While the employer’s expert did not explain how he reduced the stream of future payments to present value, neither did claimant’s attorney cross-examine the expert on the method he used to calculate the present value.
AFFIRMED.
BENTON, VAN NORTWICK and PADOVANO, JJ., concur.