JOANOS, Judge.
In these consolidated workers' compensation appeals the determinative issue is whether Section 440.20(13)(d), Florida Statutes (1983) [effective July 1, 1983], is a procedural enactment which would be applicable irrespective of the date of injury. We find that it is not. Our conclusion is required by Sullivan v. Mayo, 121 So.2d 424 (Fla.1960).
The 1983 Legislature amended Section 440.20(13)(d) to limit advance payments opposed by the employer and carrier to $7,500.00 or 26 weeks of benefits in any 48-month period, whichever is greater, from the date of the last advance payment. Prior to the 1983 amendment there was no such limitation. Additionally, in 1983, the discount rate for determining the present value of future benefits was raised to 8-percent from the previous rate of 4-per-cent. Section 440.20(12)(c), Florida Statutes (1983).
A legislative enactment which affects substantive rights may not be applied retroactively to alter those rights. Sullivan, supra. The law in effect at the time of the injury controls. Kissimmee Construction Co. v. Riley, 450 So.2d 313 (Fla. 1st DCA 1984).
In Sullivan the substantive right of the employer and carrier to make lump-sum payments in exchange for a complete release from liability for future compensation payments could not be altered retrospectively by a statutory amendment allowing lump-sum payments of an estimated part of the future compensation benefits, leaving the employer and carrier with residual liability. Likewise, a claimant’s substantive right to seek lump-sum payment to release the employer and carrier from liability cannot be abridged by retrospective application of an enactment limiting the amount of lump-sum advance payments. The 1983 amendment to Section 440.20(13)(d) effectively precludes “wash-out” lump-sum advance payments in excess of the statutory limits since only when the parties stipulate to such an advance, subject to division and deputy commissioner approval, would an advance above the statutory limitation be allowed. The concurrent change in the discount rate affects the amount of money recovered on a lump-sum payment. Both statutory changes work to substantially reduce a claimant’s award and cannot be retroactively applied. Cone Brothers Contracting and Whiting National Services v. Gordon, 453 So.2d 420, (Fla. 1st DCA 1984) [9 FLW 1350].
In the first of these consolidated appeals, Walker was awarded a lump-sum advance of $182,088.36 based upon the present value of his future benefits and his life expectancy. As determined above, the deputy commissioner properly considered the law in effect on the date of Walker’s accident, September 9, 1981. We find that there is competent substantial evidence to support the award.
The employer and carrier argue that Walker is using the 4-percent discount rate to beat the actuarial tables to get a better return, while the low discount rate and the high rate of return which could be received on the funds show prejudice to the employer and carrier. The fact that the statutory discount rate is less than investment market interest rates is not a sufficient basis upon which to deny a lump sum advance payment. Sanford v. Alachua County School Board, 425 So.2d 112 (Fla. 1st DCA 1982).
In the second appeal, Weinstein was denied a requested lump sum advance of all future wage-loss benefits to enable him to be rehabilitated by learning to be a “for *119 eign parts mechanic.” The deputy commissioner found the 1983 amendment to be a procedural enactment, allowing retrospective application to Weinstein’s accident which occurred on August 20, 1980 and denying payment in excess of the statutory limits. Our determination that the 1983 amendment to Section 440.20(13)(d) affects substantive rights and, therefore, cannot be retrospectively applied to accidents occurring prior to its effective date, requires that the deputy commissioner’s order be reversed and that the cause be remanded for consideration under the law in effect at the time of Weinstein’s accident.
Accordingly, the deputy commissioner’s order awarding lump-sum payment to Walker (our case no. AY-150) is affirmed. The deputy commissioner’s order denying lump-sum payment to Weinstein (our case no. AV-336) is reversed and remanded for determination consistent with this opinion.
SMITH and ZEHMER, JJ., concur.