466 So.2d 1096 (1985)
L. ROSS, INC., a Florida Corporation, Appellant,
v.
R.W. ROBERTS CONSTRUCTION COMPANY, INC., et al., Appellees.
No. 84-168.
District Court of Appeal of Florida, Fifth District.
January 31, 1985.
*1097 Charles E. Davis of Fishback, Davis, Dominick, Bennett, Foster, Owens & Watts, Orlando, for appellant.
H. David Luff and William Mims, Jr. of Sanders, McEwan, Mims & McDonald, Orlando, for appellees.
COWART, Judge.
This case involves the retroactive application of a statutory amendment which repealed a limitation on the amount of attorney's fees made recoverable by statute in certain actions.[1]
Section 627.428 (formerly section 627.0127), Florida Statutes (1983), permits the recovery of attorney's fees when insureds recover judgments against insurers. Section 627.756 (formerly 627.0905), Florida Statutes (1983), extends the application of section 627.428 to actions in which owners, laborers, materialmen and subcontractors recover judgments against sureties in actions on payment bonds. Section 627.756 originally contained a qualifying provision limiting attorney's fees to not more than twelve and one-half percent of the judgment recovered. By statutory amendment effective October 1, 1982, this limitation on the amount of attorney's fees was repealed. Appellant, a subcontractor, had an action pending against appellee Transamerica Insurance Company on a payment bond when the twelve and a half percent limitation was repealed. The trial court limited appellant's recovery of attorney's fees to twelve and a half percent and appellant argues on appeal that the judgment in the case not having been entered at the time of the statutory amendment repealing the limitation appellant was entitled to the benefit of the statutory amendment and the limitation should not have been applied to the attorney's fees recoverable in this case.
Sections 627.428 and 627.756, Florida Statutes (1983), which bestow a right of attorney's fees, are understandably considered beneficial, curative, and remedial by the favored class (insureds, owners, laborers, materialmen and subcontractors) but as to the class on whom those statutes impose an obligation or burden to pay attorney's fees (insurers and sureties), those statutes are detrimental, burdensome, even penal.[2] Likewise a legislative amendment increasing the statutory obligation or burden to pay attorney's fees by repealing a limitation on that obligation or burden is viewed as remedial or penal depending on whose ox is being gored. Therefore, these partisan views are really not helpful in resolving the basic substantive versus procedural dichotomy which controls the problem of prospective versus retroactive application of a statute.
It is argued that the statutory amendment repealing the limitation effective October 1, 1982, should be applied retroactively because it is procedural because it merely confers a remedy which affects only the measure of damages for vindication of an existing substantive right. This argument fails to recognize that substantive rights do not exist in an absolute binary world but are relative and are often a *1098 matter of degree and that damages always follow the right and that any change in a substantive right normally changes the amount of damages resulting from a breach of that substantive right. Therefore, it cannot be reasoned that a statutory change that affects and changes the measure of damages is merely "remedial" and thus, procedural, and, therefore is not a change in the substantive law giving the substantive right which is the basis for the damages.
Statutes, such as 627.428, Florida Statutes (1983), which create a new right to attorney's fees creates a substantive right[3] in favor of a limited class of potential plaintiffs (insureds) and a substantive burden or obligation upon a limited class of potential defendants (insurers). The right to an attorney's fee is substantive because it gives to a party who did not have that right the legal right to recover substance (money!) from a party who did not theretofore have the legal obligation to render or pay that money. The right is not merely a new or different remedy to enforce an already existing right and is, for that reason, not merely procedural.[4]
Likewise, a statute, such as section 627.756, Florida Statutes (1983), which extends the application of an existing statute which itself created substantive rights and obligations (such as section 627.428) to an additional class of prospective parties creates as to the newly affected class of parties, substantive rights in the additional class of potential plaintiffs (owners, laborers, materialmen and subcontractors) and substantive obligations upon the additional class of potential defendants (sureties).
Substantive rights and obligations created by statutes do not vest and accrue as to particular parties until the accrual of a particular cause of action giving rise to the substantive rights and obligations in a particular instance. Substantive rights and obligations as to the receipt and payment of attorney's fees is somewhat particular because, whether those rights and obligations are viewed as a separate cause of action, or as costs taxed in another, underlying, cause of action, they are ordinarily merely incidental to the other, underlying, cause of action and, in a sense, the right to receive, as well as the reciprocal obligation to pay, attorney's fees, is merely ancillary to, and an incident of, the accrual of the underlying cause of action concerning which the right to recover attorney's fees is given. Therefore the right to recover attorney's fees ancillary to another particular underlying cause of action always accrues at the time the other, underlying, cause of action accrues. This means substantive rights and obligations as to attorney's fees in particular types of litigation vest and accrue as of the time the underlying cause of action accrues.
It is a facet of constitutional due process that, after they vest, substantive rights cannot be adversely affected by the enactment of legislation. Likewise, but conversely, it is fundamentally unfair and unjust for the legislature to impose, ex post facto, a new or increased obligation, burden, or penalty as to a set of facts after those facts have occurred. For the same reason, regardless of the intent of the legislature, the legislature cannot constitutionally increase an existing obligation, burden or penalty as to a set of facts after those facts have occurred.[5]
*1099 The elimination of a limitation on a substantive obligation or burden serves to increase that substantive obligation or burden just as the increase of a limitation on a substantive right serves to decrease that substantive right.[6] In neither instance does the change give or change the procedural right or remedy to enforce the substantive burden or right itself. Accordingly, the legislative amendment of section 627.756, Florida Statutes (1983), which repealed the twelve and a half percent limitation on the amount of attorney's fees recoverable from sureties under section 627.428, increased the substantive statutory obligation of the surety to pay attorney's fees. As to the due process limitation on the legislative power to retroactively enhance the statutory obligation of sureties to pay attorney's fees in actions on payment bonds, the crucial comparative date is not the date the payment bond was executed, nor the date of the filing of the action on the payment bond, nor the date of the judgment in the action on the payment bond. The crucial date is the date of the accrual of the particular cause of action on the particular payment bond because that is the date on which the essential facts occurred and were sealed beyond change by the surety and after that event the legislature can not, ex post facto, constitutionally enhance the obligation or penalty that results from those facts. The increased obligation for attorney's fees resulting from the statutory amendment repealing the limitation on that obligation, cannot be constitutionally applied as to causes of action in favor of subcontractors against sureties that were in existence on October 1, 1982, the effective date of the statutory amendment.
We view our decision to be consistent with Parrish v. Mullis, 458 So.2d 401 (Fla. 1st DCA 1984), and acknowledge direct conflict with American Cast Iron Pipe Company v. Foote Brothers Corporation, 458 So.2d 409 (Fla. 4th DCA 1984).
Because appellant's cause of action on the surety bond in this case accrued prior to October 1, 1982, the trial court was correct in limiting appellant's recovery of attorney's fees under section 627.756, Florida Statutes to twelve and a half percent of the amount of appellant's recovery in accordance with the limitation in the statute as it was effective when appellant's cause of action accrued on the underlying payment bond.
AFFIRMED.
POWELL, R.W., Associate Judge, concurs.
ORFINGER, J., concurs in conclusion only.
NOTES
[1] Accordingly this case does not involve contractual obligations or possible constitutional questions relating to the impairment of the obligation of contracts.
[2] United States Fire Insurance Company v. Dickerson, 82 Fla. 442, 90 So. 613 (1921); American National Insurance Company v. DeCardenas, 181 So.2d 359 (Fla. 3d DCA 1965); Union Indemnity Company v. Vetter, 40 F.2d 606 (5th Cir.1930).
[3] See, e.g., Whitten v. Progressive Casualty Insurance Company, 410 So.2d 501, 504 (Fla. 1982); Parrish v. Mullis, 458 So.2d 401 (Fla. 1st DCA 1984); Frito-Lay, Inc. v. WAPCO Constructors, Inc., 520 F. Supp. 186, 190-91 (D.La. 1981); River Cities Construction Company, Inc. v. Barnard and Burk, Inc., 444 So.2d 1260, 1266-68 (La. App. 1983), cert. denied 446 So.2d 1223 and 446 So.2d 1226 (La. 1984).
[4] Cf. Empire State Insurance Company v. Chafetz, 302 F.2d 828, 831 (5th Cir.1962) (where new statute merely varied the method of fixing the award of attorney's fees by taking it out of the hands of the jury and entrusting it to the trial judge, legislative change was procedural only and did not increase the statutory burden on losing party in lawsuit).
[5] Ordinarily the creation of a legal obligation is but the negative reciprocal of the creation of a substantive legal right, but this is not always true. It has been held that creation of a statutory defense of usury as a defense to the contractual obligation to repay a loan creates only a penalty against the lender and does not create a substantive right in favor of the borrower which the legislature must respect in connection with any statutory amendment to the usury statute. See Tel Service Co. v. General Capital Corp., 227 So.2d 667 (Fla. 1969).
[6] See Cone Brothers Contracting v. Gordon, 453 So.2d 420, 422 (Fla. 1st DCA 1984) (statute increasing the discount rate on recoverable workers' compensation awards from four to eight percent is substantive in nature and cannot be applied retroactively because such change works to substantially reduce an employee's recovery).