481 So.2d 484 (1986)
L. ROSS, INC., a Florida Corporation, Petitioner,
v.
R.W. ROBERTS CONSTRUCTION COMPANY, INC., Transamerica Insurance Company, B.E. McCall and Thomas Adair, Respondents.
No. 66607.
Supreme Court of Florida.
January 16, 1986.
Charles Evans Davis and Frederick B. Karl, Jr. of Fishback, Davis, Dominick, Bennett, Owens & Watts, Orlando, for petitioner.
William L. Mims, Jr. of Sanders, McEwan, Mims & Martinez, Orlando, for respondents.
SHAW, Justice.
We have before us by petition for review L. Ross, Inc. v. R.W. Roberts Construction Co., 466 So.2d 1096 (Fla.5th DCA 1985), due to express and direct conflict with American Cast Iron Pipe Co. v. Foote Brothers Corp., 458 So.2d 409 (Fla.4th DCA 1984). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution.
The salient facts were stated by the district court as follows:
Section 627.428 (formerly section 627.0127), Florida Statutes (1983), permits the recovery of attorney's fees when insureds recover judgments against insurers. Section 627.756 (formerly 627.0905), Florida Statutes (1983), extends the application of section 627.428 to actions in which owners, laborers, materialmen and subcontractors recover judgments against sureties in actions on payment bonds. Section 627.756 originally contained a qualifying provision limiting attorney's fees to not more than twelve and one-half percent of the judgment recovered. By statutory amendment effective October 1, 1982, this limitation on the amount of attorney's fees was repealed. Appellant, a subcontractor, had an action pending against appellee Transamerica Insurance Company on a payment bond when the twelve and a half percent limitation was repealed. The trial court limited appellant's recovery of attorney's fees to twelve and a half percent... .
L. Ross, Inc., 466 So.2d at 1097. The district court affirmed the trial court and refused to apply retroactively the statutory amendment repealing the twelve and one-half percent limitation to a cause of action that was already in existence at the time of the effective date of the amendment. The district court acknowledged conflict with American Cast Iron.
*485 Presented with virtually indistinguishable facts, the Fourth District Court of Appeal in American Cast Iron found the statutory amendment applicable because it construed the statute as remedial rather than substantive in that it did not create a new right or take away a vested right, but rather affected only the amount of attorney's fees that could be recovered. Remedial statutes are excepted from the general rule against retrospective application of statutes. Village of El Portal v. City of Miami Shores, 362 So.2d 275 (Fla. 1978). We agree with Judge Cowart's well-reasoned opinion in L. Ross, however. The right to attorney fees is a substantive one, as is the burden on the party responsible for paying the fee. A statutory amendment affecting the substantive right and concomitant burden is likewise substantive.
As stated by Judge Cowart:
This argument [that the amendment is procedural, affecting only the measure of damages for vindication of an existing substantive right] fails to recognize that substantive rights do not exist in an absolute binary world but are relative and are often a matter of degree and that damages always follow the right and that any change in a substantive right normally changes the amount of damages resulting from a breach of that substantive right. Therefore, it cannot be reasoned that a statutory change that affects and changes the measure of damages is merely "remedial" and thus, procedural, and, therefore is not a change in the substantive law giving the substantive right which is the basis for the damages.
L. Ross, 466 So.2d at 1097-98.
For the reasons stated above, we approve the decision under review and disapprove American Cast Iron.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD and EHRLICH, JJ., concur.