WENTWORTH, Judge.
The employer and carrier seek review of an order that directs the employer and carrier to pay for past chiropractic services rendered to claimant, and that authorizes the chiropractor who has been rendering these services to continue to provide them in the future. We find no record basis to support the conclusion that the employer and carrier, when claimant’s desire for the treatment was made known, denied the requested treatment and failed to make a timely offer of alternative chiropractic care. Therefore, we reverse the award for past services provided by Dr. H.G. Smith. This determination, of course, has no bearing on the authorization of this chiropractor to render further services to claimant. We also reverse the award of an attorney’s fee insofar as related to the cost of past chiropractic service, and remand for reconsideration of this issue.
Claimant sustained a compensable injury in 1988 when he stepped backwards and twisted his ankle in order to avoid a snake. He testified that he first obtained treatment for his injury at a walk-in clinic where he was given pain medication. Claimant later became dissatisfied with this treatment and discussed it with his supervisor. Although claimant at that time requested authorization for treatment by a “Dr. Smith,” the record before us contains nothing to indicate that the doctor’s medical specialty should have been known, and fails to support the assertion on appeal that in addition to naming the doctor he wished to see claimant also specified that it was chiropractic treatment that he was seeking. Accordingly, at that point the employer and carrier did not provide him with the names of alternative chiropractors from whom he could obtain treatment.
The subsequent claim for benefits by claimant’s attorney did not serve to notify the employer and carrier of claimant’s desire for chiropractic treatment, merely seeking authorization for the otherwise unidentified “Dr. H.G. Smith.” So far as reflected by the record, only when the carrier received a letter from claimant’s, attorney in September 1989 was it on notice that claimant desired chiropractic treatment. Claimant’s attorney was supplied the names of four alternative chiropractors authorized to provide claimant with care.
Under the circumstances, the employer and carrier met their obligation under section 440.13(2) to provide claimant with the treatment when he requested it by supplying to him the names of authorized chiropractors.
Reversed and remanded.
JOANOS and ALLEN, JJ., concur.