582 So.2d 22 (1991)
SIR ELECTRIC, INC. and Northbrook Insurance Company, Appellants/Cross-Appellees,
v.
Gheorghe BORLOVAN and the Florida Department of Labor and Employment Security, Division of Workers' Compensation, Appellees/Cross-Appellants.
No. 90-1895.
District Court of Appeal of Florida, First District.
June 3, 1991.
Rehearing Denied July 9, 1991.
Clifford R. Mermell of Underwood, Gillis & Karcher, P.A., Miami, for appellants/cross-appellees.
The Law Offices of Herb W. Abramson, Miami, The Law Offices of Paul E. Gifford, Miami, and Jerold Feuer, Miami, for appellees/cross-appellants.
SMITH, Judge.
In this appeal of a workers' compensation order, the E/C contest the award of *23 attendant care benefits, and the award of attorney's fees based upon the present value of projected future attendant care benefits for the remainder of claimant's expected life. We find no error.
The need for attendant care was fully substantiated by the testimony of Dr. Morariu, claimant's attending physician. The judge of compensation claims (JCC) was not required to accept the equivocal testimony of the psychologist presented by the E/C, who testified that the claimant did not seem to need such services when she saw him, but observed, further: "But, of course, I was not at home when he dressed that morning." The psychiatrist presented by the E/C, Dr. Pinosky, did not specifically mention attendant care benefits in his reports after examination of the claimant, but in his later testimony, did state his opinion that for the claimant to have too many things done for him would be a "psychological disincentive" for him to rehabilitate himself, and that in his opinion claimant should not have attendant care. Admittedly, however, he had not seen the claimant since June 7, 1988, while the attending physician, Dr. Morariu, had followed the claimant since that date and testified not only to his need for attendant care benefits as of that time, but that the claimant's condition continued to worsen.
As for the award of attorney's fees based upon the receipt of attendant care benefits for the remainder of claimant's life expectancy, we find that the testimony of Dr. Morariu again supports this award. It is clear from the evidence that the claimant sustained permanent brain damage and is incapable of working, and that his condition is worsening. There was no error in the use of claimant's life expectancy in determining the value of attendant care benefits for the purposes of the attorney fee award. M. Serra Corporation v. Garcia, 426 So.2d 1118 (Fla. 1st DCA 1983).
With respect to the E/C's contention that the recently enacted statutory cap on attorney's fees should apply,[1] we note that the E/C cite no authority for their contention that this provision is procedural and remedial, and applies retroactively. On the other hand, claimant's brief exhaustively sets forth legal support for his contention that a statutory amendment changing the measure of attorney's fees is substantive, and cannot be applied retroactively. See, Hardware Mutual Casualty Co. v. Carlton, 151 Fla. 238, 9 So.2d 359 (1942); Sullivan v. Mayo, 121 So.2d 424 (Fla. 1960); Richardson v. Honda Motor Co., Ltd., 686 F. Supp. 303 (M.D.Fla. 1988); L. Ross, Inc. v. R.W. Roberts Construction Company, Inc., 466 So.2d 1096 (Fla. 5th DCA 1985), affirmed, 481 So.2d 484 (Fla. 1986).
Turning to issues raised by the claimant on cross-appeal, we find no error in the JCC's order commencing attendant care benefits on July 28, 1989, rather than at an earlier date, since the E/C was not on notice of the need for benefits until the date found by the JCC; and we also, contrary to claimant's contentions, find ample support in the record for the JCC's award of attendant care for eight hours a day, rather than for a longer period as sought by claimant.
Finally, in view of our disposition of the issues as above, we find it unnecessary to address claimant's contentions regarding the constitutionality of the amendment to § 440.34.
AFFIRMED.
NIMMONS and MINER, JJ., concur.
NOTES
[1] Section 440.34(2), Florida Statutes (1989), as amended, effective October 1, 1989, provides that in computing attorney's fees "benefits secured" shall not include future medical or rehabilitation benefits to be provided on any date more than five years after the date of the hearing held for determining the value of attorney's fees claimed.