583 So.2d 697 (1991)
Francisco NIEVES, Appellant,
v.
DADE COUNTY SCHOOL BOARD and Gallagher Bassett Insurance, Appellees.
No. 90-2584.
District Court of Appeal of Florida, First District.
June 11, 1991.
On Motion for Rehearing August 5, 1991.
*698 Roberto Rigal, Jr., Levine, Busch, Schnepper & Stein, P.A., Miami, for appellant.
Steven Kronenberg, Adams, Kelley, Kronenberg & Kelley, Miami Lakes, for appellees.
PER CURIAM.
Francisco Nieves, claimant, appeals a workers' compensation order that ruled that the employer and carrier acted in bad faith in controverting his claim for permanent total disability benefits and awarded his attorney a fee for securing those benefits, but denied his attorney a fee for securing chiropractic care benefits because, "no formal claim for chiropractic care was ever filed, nor is there evidence of the need for future chiropractic care." (R. 251). Nieves contends that the record does not contain competent, substantial evidence to support these findings and that the denial of an attorney's fee for obtaining chiropractic care benefits is error. We agree and reverse.
Section 440.19(1)(d), Florida Statutes (1983), the statute in effect at the time the claim for benefits was filed in this case, required that the claim set forth "the type or nature of medical treatment sought." The claim for benefits in this case requested "remedial care and attendance." (R. 247). We are aware of no statutory provision or case decision supporting the employer and carrier's contention that the claim as stated was not sufficient to raise the issue of a claimant's need for any and all necessary remedial medical treatment, including chiropractic treatment. Furthermore, the record shows that the employer and carrier were placed on notice that claimant was specifically requesting chiropractic care. The record shows that on several occasions prior to the employer and carrier's authorization of such treatment, claimant's attorney requested that they provide claimant chiropractic treatment, and only after several requests was such care provided. The record does not support the denial of an attorney's fee for securing chiropractic care benefits on the ground that "no formal claim" for such benefits was made.
The order alternatively based denial of an attorney's fee for securing chiropractic care on the finding that there was "[no] evidence of the need for future chiropractic care." We find no record support for this finding. First, the need for continuing future chiropractic care was not in issue at the attorney's fee hearing. The employer and carrier were already providing such treatment and had not requested *699 that the judge of compensation claims approve deauthorization or termination of such treatment. Thus, there was no need for claimant to present evidence that he needed future chiropractic care. Second, the record contains evidence that claimant needs future chiropractic care. Dr. Baum testified, in person, at the attorney's fee hearing that claimant needed and would continue to need chiropractic care at the rate of two treatments per week. The record also contains two letters of Dr. Baum stating that claimant needed and would continue to need chiropractic care, and these letters were entered in evidence as exhibits at the attorney's fee hearing. This evidence was uncontroverted.
Because the record does not contain any evidence supporting the findings on which the order denied claimant's attorney a fee for his securing authorization of chiropractic care, and because the uncontroverted evidence shows that claimant's attorney secured these benefits for claimant, we reverse the appealed order in part and remand for a redetermination of the attorney's fee due claimant's attorney based on the inclusion of such benefits in the total amount of benefits obtained by the attorneys.
REVERSED AND REMANDED.
ZEHMER, BARFIELD and WOLF, JJ., concur.

ON MOTION FOR REHEARING
ZEHMER, Judge.
On petition for rehearing, the employer and carrier argue that we erred in granting the claimant's petition for an appellate attorney's fee and remanding to the judge of compensation claims for a determination of the appropriate award. The employer and carrier urge us to grant a rehearing and deny the petition for appellate attorney's fees because our opinion reversing the appealed order did not result in any benefits for the claimant, but merely resulted in additional attorney's fees for the claimant's counsel. We deny the petition for rehearing with the following observations.
Section 440.34(3), Florida Statutes (1989), states that the claimant is solely responsible for paying his own attorney's fees; however, in certain situations the claimant is entitled to reimbursement by the employer or carrier for payment of such fees. Section 440.34(5), Florida Statutes (1989), states that if any proceedings are had for review of a compensation order, the court may award the injured employee or dependent and attorney's fee to be paid by the employer or carrier. These statutory provisions make clear that the claimant, not the attorney, is the beneficiary of any attorney's fee award against the employer and carrier because the payment of such fees to the claimant's attorney is primarily the claimant's responsibility. In light of these clear provisions, the employer and carrier's assertion that this court's opinion did not result in any benefits to the claimant is frivolous.
The petition for rehearing is DENIED.
BARFIELD and WOLF, JJ., concur.