589 So.2d 389 (1991)
FOLIAGE DESIGN SYSTEMS, INC. and Crims, Inc., Appellants,
v.
Aurora FERNANDEZ, Appellee.
No. 90-3382.
District Court of Appeal of Florida, First District.
November 13, 1991.
Rehearing Denied December 12, 1991.
H. George Kagan and Thomas S. Eustis, of Miller, Kagan & Chait, P.A., Deerfield Beach, for appellants.
Barry A. Pemsler, of Barry A. Pemsler, P.A., Miami, for appellee.
Jerold Feuer, Miami, for amicus Academy of Florida Trial Lawyers.
WENTWORTH, Senior Judge.
This is an appeal from a final October, 1990 worker's compensation order granting attorney's fees based on evidence of the value of future medical benefits, and on stipulation as to fee entitlement and value of permanent total disability compensation awarded for a 1988 accident. We affirm on the single issue presented, concluding that the judge correctly rejected application of the 1989 amendment to Sec. 440.34(2), F.S., which added language (as technically revised in 1990) indicated by emphasis as follows:
"(2) In awarding a reasonable attorney's fee, the judge ... shall consider only those benefits to the claimant that the attorney is responsible for securing... . the term `benefits secured' means benefits obtained as a result of the claimant's attorney's legal services rendered in connection with the claim for benefits. However, such term does not include future medical benefits to be provided on any date more than 5 years after the date the claim is filed." (e.s.)
The recent decision of this court in Sir Electric, Inc. v. Borlovan, 582 So.2d 22 (Fla. 1st DCA 1991), affirmed the same ruling. The opinion references "the recently enacted statutory cap on attorney's fees" and the argument "that a statutory amendment changing the measure of attorney's fees is substantive, and cannot be applied retroactively." 582 So.2d at 23. Appellant in the present case would explain Sir Electric as based simply on the fact noted there "that the E/C cite no authority for the contention that this provision is procedural and remedial, and applies retroactively" to benefits for accidents antedating the amendment. In contrast with that circumstance, we have here examined the exhaustive catalog of arguable authority provided by appellant.[1]
*390 The quoted amendment of Sec. 440.34(2) may be correctly characterized as a computation proviso which does not directly control either the entitlement or "cap" on attorney's fees. It does, however, plainly place an absolute ceiling on valuation of one of the factors to be considered in applying the statutory formula. We are unable to distinguish rationally between an enactment which directly alters a prescribed "cap" on attorney's fees in relation to amount recovered, as in L. Ross, Inc. v. R.W. Roberts Construction Company, Inc., 481 So.2d 484 (Fla. 1986), and the provision here in question. That amendment indirectly alters the potential fee award by placing a ceiling on the value of a material component in the statutory formula. Ross holds that, like fee entitlement, an amendment "affecting the ... concomitant burden is likewise substantive." 481 So.2d at 485. The burden was there increased, while here of course it is decreased. Neither that fact nor the character and history of Chapter 440, F.S., as a worker's compensation law, requires a different result.[2]
The constitutional issues asserted by the parties are mooted by our conclusion that the amendment is inapplicable to the claim in the case.
Affirmed.
SMITH and MINER, JJ., concur.
NOTES
[1] See Nieves v. Dade County School Board, 583 So.2d 697 (Fla. 1st DCA 1991); Byrd v. Richardson-Green Shields Securities, 552 So.2d 1099 (Fla. 1989); Cernuda v. Heavy, 720 F. Supp. 1544 (S.D.Fla. 1989); Fumigation Dept. v. Pearson, 559 So.2d 587 (Fla. 1st DCA 1989), rehearing denied, (Fla. 1st DCA 1989); Williams v. Amax Chemical Corporation, 543 So.2d 277 (Fla. 1st DCA 1989); Martin Marietta Corp. v. Glumb, 523 So.2d 1190 (Fla. 1st DCA 1988); Miami Children's Hospital v. Tamayo, 529 So.2d 667 (Fla. 1988); United States v. Kolter, 849 F.2d 541 (11th Cir.1988); Bacon v. Broward Employment & Training Admin., 501 So.2d 724 (Fla. 1st DCA 1987); Barr v. Pantry Pride, 518 So.2d 1309 (Fla. 1st DCA 1987); Crittenden Orange Blossom Fruit v. Stone, 514 So.2d 351 (Fla. 1987); Samurai of the Falls, Inc. v. Sul, 509 So.2d 359 (Fla. 1st DCA 1987); Sontag, Inc., d/b/a National RV Liquidators v. Schreiber, 512 So.2d 1034 (Fla. 1st DCA 1987); City of Orlando v. Desjardins, 493 So.2d 1027 (Fla. 1986); Rivers v. SCA Services of Florida, Inc., 488 So.2d 873 (Fla. 1st DCA 1986), rehearing denied, (Fla. 1st DCA 1986); Davis v. Keeto, Inc., 463 So.2d 368 (Fla. 1st DCA 1985), rehearing denied, (Fla. 1st DCA 1985), cert. denied, 475 So.2d 695 (Fla. 1985); Florida Patients Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985); Rinker Materials Corp. v. Hill, 471 So.2d 119 (Fla. 1st DCA 1985); WFTL Broadcasting Co. v. Rowen, 480 So.2d 233 (Fla. 1st DCA 1985); Central Truck Lines, Inc. v. Coleman, 458 So.2d 1145 (Fla. 1st DCA 1984); Union Boiler v. Walker, 461 So.2d 117 (Fla. 1st DCA 1984); City of Tampa v. Fein, 438 So.2d 442 (Fla. 1st DCA 1983); Rothermel v. Florida Parole and Probation Commission, 441 So.2d 663 (Fla. 1st DCA 1982); Batch v. State of Florida, 405 So.2d 302 (Fla. 4th DCA 1981); Harris v. State of Florida, 400 So.2d 819 (Fla. 5th DCA 1981); Khoury v. Carvel Homes South, Inc., 403 So.2d 1043 (Fla. 1st DCA 1981); Okaloosa County Gas District v. Mandel, 394 So.2d 453 (Fla. 1st DCA 1981); Ship Shape v. Taylor, 397 So.2d 1199 (Fla. 1st DCA 1981); Love v. Jacobson, 390 So.2d 782 (Fla. 3d DCA 1980); Myers v. Carr Const. Co., 387 So.2d 417 (Fla. 1st DCA 8/4/80), rehearing denied, (Fla. 1st DCA 9/22/80); Southern Bell Telephone and Telegraph Co. v. Rollins, 390 So.2d 93 (Fla. 1st DCA 1980); Johnson v. State of Florida, 371 So.2d 556 (Fla. 2d DCA 1979); Village of El Portal v. City of Miami Shores, 362 So.2d 275 (Fla. 1978), rehearing denied, (Fla. 1978); Sullivan v. Mayo, 121 So.2d 424 (Fla. 1960).
[2] See Richardson v. Honda Motor Co., Ltd. 686 F. Supp. 303 (M.D.Fla. 1988); Peck v. Palm Beach County Board of County Commissioners, 442 So.2d 1050 (Fla. 1st DCA 1983); Sullivan v. Mayo, 121 So.2d 424 (Fla. 1960); Hardware Mutual Casualty Co. v. Carlton, 151 Fla. 238, 9 So.2d 359 (1942).