615 So.2d 260 (1993)
Roosevelt PAULK, Appellant,
v.
SCHOOL BOARD OF PALM BEACH COUNTY and Department of Risk Management, Appellees.
No. 92-107.
District Court of Appeal of Florida, First District.
March 10, 1993.
*261 Jason J. Goldstone of Goodmark & Goodmark, P.A., West Palm Beach, for appellant.
Richard H. Gaunt, Jr. of Gaunt, Pratt & Radford, P.A., West Palm Beach, for appellees.
ALLEN, Judge.
The claimant appeals a workers' compensation order by which section 440.13(2)(k), Florida Statutes (Supp. 1990), was applied so as to limit the witness fees for certain health care providers' depositions. Although the claimant was injured in an accident which occurred before the effective date of this statutory provision, we conclude that the enactment was properly applied in connection with depositions taken after the effective date of the statute.
It has long been established that the parties' substantive rights under the Workers' Compensation Law are fixed at the time of the claimant's accident and injury. See e.g., Sullivan v. Mayo, 121 So.2d 424 (Fla. 1960). However, it is also well established that procedural or remedial enactments may apply without regard to the date of accident and injury, as the parties generally do not have a vested entitlement with regard to such matters. See e.g., Walker and LaBerge, Inc. v. Halligan, 344 So.2d 239 (Fla. 1977); Myers v. Carr Const. Co., 387 So.2d 417 (Fla. 1st DCA 1980). As an analysis of the various decisions in this area would suggest, it is sometimes difficult to clearly demarcate the distinction between a substantive right and a procedural or remedial enactment. But it has been indicated that where the claimant's entitlement to a service is not diminished, a limitation on the amount paid for the service does not impact a substantive right and may apply to services rendered after the effective date of the statutory limitation. See Mr. C's TV Rental v. Murray, 559 So.2d 452 (Fla. 1st DCA 1990); accord, Williams v. Amax Chem. Corp., 543 So.2d 277 (Fla. 1st DCA 1989).
Section 440.13(2)(k), Florida Statutes (Supp. 1990), imposes a $200 limit on the witness fee of a health care provider who renders direct professional services in a workers' compensation case and gives a deposition. This enactment does not alter the source of payment for the fee, nor does it impact the claimant's entitlement to such testimony. By limiting the amount which the health care provider may charge, the statute imposes no greater burden of payment than that which previously pertained. The claimant's substantive rights were thus not diminished, and section 440.13(2)(k), Florida Statutes (Supp. 1990), was properly applied in the present case, where the depositions were taken after the statute's effective date.
We decline to extend the rulings in Foliage Design Systems, Inc. v. Fernandez, 589 So.2d 389 (Fla. 1st DCA 1991), and Sir Electric, Inc. v. Borlovan, 582 So.2d 22 (Fla. 1st DCA 1991), to the circumstances of this case. Those decisions, which involved a statutory limit on the measure of attorney's fees, were largely predicated on the supreme court's earlier ruling in L. Ross, Inc. v. R.W. Roberts Const. Co., Inc., 481 So.2d 484 (Fla. 1986), which involved a different attorney's fee provision outside the ambit of the Workers' Compensation Law. The enactment addressed in L. Ross had a potential impact on the affected parties' concomitant burden which differed significantly from the impact of section 440.13(2)(k), Florida Statutes (Supp. 1990). While Foliage Design Systems and Sir Electric purported to apply L. Ross in the context of a workers' compensation attorney's fee, we find no basis to extend those decisions to the context of the present case, insofar as the claimant's burden and entitlement with regard to the witness' services remained unaffected by section 440.13(2)(k), Florida Statutes (Supp. 1990).
We also find no impermissible conflict between section 440.13(2)(k), Florida Statutes (Supp. 1990), and section 440.30, Florida Statutes, or section 440.31, Florida Statutes. While the latter enactments contain general provisions relating to the use of depositions and certain witness fees, section *262 440.13(2)(k), Florida Statutes (Supp. 1990), is a more specific enactment relating to the narrower circumstances which the statute identifies. Section 440.13(2)(k), Florida Statutes (Supp. 1990), was therefore properly applied upon the occurrence of these circumstances, without regard to the more general provisions in section 440.30 and section 440.31. See generally, DeConingh v. City of Daytona Beach, 103 So.2d 233 (Fla. 1st DCA 1958).
We further find that section 440.13(2)(k), Florida Statutes (Supp. 1990), does not impermissibly encroach upon the supreme court's rulemaking authority under article V, section 2(a), Florida Constitution. Workers' compensation hearings are not conducted in article V courts, and we note that section 440.29(3), Florida Statutes, provides the supreme court with statutory rulemaking authority "except to the extent that such rules conflict with the provisions of this chapter."
The due process and access to the courts issues which the claimant raises are likewise without merit, and we reject these constitutional challenges without further discussion. Because section 440.13(2)(k), Florida Statutes (Supp. 1990), does not impact the claimant's substantive rights, it was properly applied in the circumstances of this case, and the appealed order is therefore affirmed.
SMITH and WOLF, JJ., concur.