SMITH, Judge,
dissenting.
In my view, the record permits of no reasonable conclusion other than the one urged by the appellant, namely, that the efforts of ids counsel resulted in his obtaining an alternative orthopedic opinion, physical therapy and renewed orthopedic treatment, all of which occurred after the E/C improperly refused to accept the claimant’s demand for a different orthopedist. As the record clearly shows, the E/C defended on the grounds that an alternative opinion was not reasonably medically necessary, but ultimately, more than 21 days after notice of claimant’s request, did proceed to provide the medical attention needed by the claimant. Under the circumstances, it is clear that the actions of his counsel were necessary, and did in fact result in benefits to the claimant. The JCC’s denial of attorney’s fees under section 440.-34(3)(b), Florida Statutes (1989), in my opinion, was error. See, Nieves v. Dade County School Board, 583 So.2d 697 (Fla. 1st DCA 1991); Alcoma Packing Co. v. Jones, 571 So.2d 73 (Fla. 1st DCA 1990); Wiseman v. AT & T Technologies, Inc., 569 So.2d 508 (Fla. 1st DCA 1990); Jackson v. Dade County School Board, 484 So.2d 1290 (Fla. 1st DCA 1986). I would therefore reverse the denial of attorney’s fees.