980 So.2d 1175 (2008)
Jeremias ANTUNEZ, Appellant,
v.
Deborah WHITFIELD, Appellee.
No. 4D06-4420.
District Court of Appeal of Florida, Fourth District.
April 16, 2008.
*1176 David B. Pakula of David B. Pakula, P.A., Pembroke Pines, for appellant.
Marlene S. Reiss of the Law Offices of Marlene S. Reiss, Esq., P.A., Miami, for appellee.

ON MOTION FOR REHEARING & CLARIFICATION
TRAWICK, DARYL E., Associate Judge.
We grant appellant's Motion for Rehearing and Clarification in part, withdraw our previous opinion, and issue the following in its place.
This case arises from a negligence claim brought by Whitfield against Antunez for personal injuries suffered in an automobile accident. After the trial court referred the case to non-binding arbitration, the arbitrator awarded Whitfield damages in the amount of $8,860.08. The arbitration award included $1,000 for property damage, $5,360.08 for medical bills, and $2,500 for pain and suffering. After entry of the award, Antunez requested a trial de novo. Prior to trial, Antunez agreed to pay Whitfield $1,000 for the property damage. As a result, at trial, Whitfield did not pursue her property damage claim. At the conclusion of the trial, the jury awarded Whitfield a total of $7,403, including $6,127 for medical expenses, $1,276 for lost wages and $0 for pain and suffering. Whitfield later sought an award of taxable costs, which the trial court granted in the amount of $2,072.75. On March 1, 2006, a final judgment was entered in the amount of $9,475.75, including the verdict and taxable costs. Whitfield also moved for the award of attorney's fees and costs pursuant to section 44.103(6), Florida Statutes (2006), claiming that her award was more favorable at trial than at arbitration. She argued that taxable costs should be included in making this determination  in other words, taxable costs should be added to the verdict when comparing the trial award to the arbitration award. The trial court agreed with Whitfield, and on October *1177 10, 2006, awarded her $6,482.50 in attorney's fees and costs. This appeal followed that award.
The issue presented here is this  when considering a prevailing party's entitlement to attorney's fees pursuant to section 44.103(6), should taxable costs be considered as part of the judgment in a trial de novo when determining whether a party received a more favorable award at trial than in non-binding arbitration?
Prior to October 1, 2007, section 44.103(6) read:
The party having filed for a trial de novo may be assessed the arbitration costs, court costs, and other reasonable costs of the party, including attorney's fees, investigation expenses, and expenses for expert or other testimony or evidence incurred after the arbitration hearing if the judgment upon the trial de novo is not more favorable than the arbitration decision.
However, as of October 1, 2007, section 44.103(6) was amended to read (in applicable part):
Upon motion made by either party within 30 days after entry of judgment, the court may assess costs against the party requesting a trial de novo, including arbitration costs, court costs, reasonable attorney's fees, and other reasonable costs such as investigation expenses and expenses for expert or other testimony which were incurred after the arbitration hearing and continuing through the trial of the case in accordance with the guidelines for taxation of costs as adopted by the supreme court. Such costs may be assessed if:
. . . .
(b) The defendant, having filed for a trial de novo, has a judgment entered against the defendant which is at least 25 percent more than the arbitration award. For purposes of a determination under this paragraph, the term "judgment" means the amount of the net judgment entered, plus any postarbitration settlement amounts by which the verdict was reduced.
In considering whether the facts of this case would trigger an entitlement to attorney's fees, this court must first determine whether the pre-October 1, 2007 or the amended post-October 1, 2007 version of section 44.103(6) applies. The question of whether a statute is to be applied retroactively or prospectively turns on whether the statute is procedural or substantive in nature. Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352 (Fla.1994); Fogg v. Se. Bank, N.A., 473 So.2d 1352 (Fla. 4th DCA 1985). As this court explained in Fogg:
Generally, the statutes operate only prospectively as they might otherwise impinge upon vested rights or create new liabilities. On the other hand, statutes relating to remedies or procedure and including forfeitures operate retrospectively in the sense that all pending proceedings, including matters on appeal, are determined under the law in effect at the time of decision rather than that in effect when the cause of action arose or some earlier time.
Id. at 1353 (emphasis added). Thus, in order to determine which version of section 44.103(6) to apply, this court must determine whether section 44.103(6) relates to procedure or remedies, or instead, is substantive in nature. See Smiley v. State, 966 So.2d 330 (Fla.2007) (when analyzing the retroactivity of a statute the key determination is whether the change is procedural or substantive). Procedural and substantive laws differ in that "substantive law prescribes duties and rights and procedural law concerns the means and methods to apply and enforce those *1178 duties and rights." Mancusi, 632 So.2d at 1358. In Mancusi, the supreme court found that section 768.73(1)(a), Florida Statutes (1987), which limits punitive damages to no more than three times the compensatory damage award, was substantive in nature because the statute affects a plaintiff's right to obtain punitive damages instead of outlining procedures to recover them. Id.; Ace Disposal v. Holley, 668 So.2d 645, 646 (Fla. 1st DCA 1996) (amendment is substantive if it changes the amount of benefits that can be received); see also Richardson v. Honda Motor Co., 686 F.Supp. 303 (M.D.Fla.1988) (statute which creates a right to attorney's fees is substantive in nature); L. Ross, Inc. v. R.W. Roberts Constr. Co., 466 So.2d 1096 (Fla. 5th DCA 1985), aff'd, 481 So.2d 484 (Fla.1986) (amendment that repealed a percentage limitation on attorney's fees is substantive). But see Div. of Workers' Comp., Bureau of Crimes Comp. v. Brevda, 420 So.2d 887 (Fla. 1st DCA 1982) (holding that an amendment effective before the judgment was entered that repealed the right to attorney's fees did not remove a substantive right because a right to fees does not vest until judgment); Rustic Lodge v. Escobar, 729 So.2d 1014, 1015 (Fla. 1st DCA 1999) ("Remedial statutes simply confer or change a remedy in furtherance of existing rights and do not deny a claimant his or her vested rights.").
In this case, Whitfield's right to obtain attorney's fees was affected by the amendment to section 44.103(6) because it altered the requirements that needed to be met before an award would have been proper. Her right to attorney's fees had vested prior to the October 1, 2007 amendment, since a final judgment was entered pursuant to the requirements of the original section 44.103(6). If the amended statute were applied to these facts, she would no longer be entitled to those fees. Thus, the amendment to the statute appears to be substantive. However, such a conclusion cannot be reached so easily. The problem with simply categorizing this amendment as a substantive change is that the amendment does not create a new right or eliminate an existing right, but instead seems to articulate a new process for determining entitlement to attorney's fees. Thus, the amended statute can also be viewed as merely altering the "methods and means" that are used to calculate the threshold requirements for an award of attorney's fees. In other words, rather than altering rights, the amendment merely outlines the method of calculating entitlement to attorney's fees and when the judgment in a trial de novo is more or less favorable than the non-binding arbitration award. Therefore, the amendment can be viewed as either procedural or substantive.
The distinction between substantive and procedural statutory amendments is a fine one, and may even be illusory, particularly where, as here, the amendment being considered is procedural in nature but directly affects vested rights. The First District, when confronted with amendments to the worker's compensation statute (which also grants attorney's fees), has consistently found that whenever amendments affect a party's right to attorney's fees, they are to be viewed as substantive regardless of the aspect of the statute. See Baptist Manor Nursing Home v. Madison, 658 So.2d 1228 (Fla. 1st DCA 1995) (amendment that repealed the 21-day period in which an employer must accept the claim for benefits or be liable for attorney's fees was substantive); Kraft Dairy Group v. Sorge, 634 So.2d 720, 721 (Fla. 1st DCA 1994) (holding that because attorney's fees provisions directly affect the rights of the parties, amendments to the attorney fees statute occurring after the worker's compensation claimant's injury may not be retroactively applied); Foliage Design Sys., Inc. v. Fernandez, *1179 589 So.2d 389 (Fla. 1st DCA 1991) (amendment that placed a ceiling for computation of attorney's fees is substantive and cannot be applied retroactively); Sir Elec., Inc. v. Borlovan, 582 So.2d 22, 23 (Fla. 1st DCA 1991) ("[S]tatutory amendment changing the measure of attorney's fees is substantive, and cannot be applied retroactively."); Volusia Mem'l Park v. White, 549 So.2d 1114, 1118 (Fla. 1st DCA 1989) (holding that amendment that adds a "bad faith" requirement is substantive and that "the substantive rights of the parties are fixed as of the date of the injury and are not subject to impairment by subsequent amendment to the law").
Considered in the light of the issues presented here, the "bright line" analysis of these First District cases is persuasive. We hold that since the amendment to section 44.103(6) affects the right to attorney's fees, it is substantive in nature, regardless of any procedural aspect it might otherwise have.
Having found that the original section 44.103(6) applies, we next turn to the dispositive issue  whether taxable costs[1] should be considered as part of the judgment when determining whether a party received a more favorable award at a trial de novo or in non-binding arbitration.
Section 57.041, Florida Statutes (2006), states:
(1) The party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment; but this section does not apply to executors or administrators in actions when they are not liable for costs.
This provision thus operates to award costs to the prevailing party, and by its language, the judgment entered must include costs awarded. Thus, section 57.041 places a party who loses in a non-binding arbitration proceeding and decides to move for a trial de novo on notice that all properly taxable costs will be included in the judgment.
Antunez makes no mention of section 57.041 in his arguments. He simply argues that the verdict at trial was less that the arbitration award ($7,403.00 vs. $8,860.08) and thus attorney's fees should not be awarded. While he concedes that the intent of section 44.103(6) is to encourage parties to accept the results of arbitration, he contends that it would be unfair to include taxable costs when determining the judgment because it would be impossible for him to predict his opponent's success in litigating the suit after arbitration. Antunez posits that in most cases, the opponent can mount enough post-arbitration costs to make it seem that the trial award was more favorable. However, even if the mandatory language of section 57.041 is not taken into consideration, Antunez' argument is not persuasive since a court is permitted to award only reasonable costs.
Antunez also contends that the supreme court's opinion in White v. Steak & Ale of Florida, Inc., 816 So.2d 546 (Fla. 2002), supports the exclusion of taxable costs when determining what is included in a "judgment" under section 44.103(6). In White, the court analyzed a similar statute, section 768.79(6), Florida Statutes (1993), which awards attorney's fees to a party whose offer to settle is rejected and the result at trial is less favorable for the party rejecting the offer than the offer would have been. The issue in White was whether pre-settlement offer costs should *1180 be included when determining whether the threshold judgment requirement is met under section 768.79(6). That section states:
Upon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal, the court shall determine the following:
(a) If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served, and the court shall set off such costs in attorney's fees against the award. When such costs and attorney's fees total more than the amount of the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the award to the plaintiff.

(b) If a plaintiff serves an offer which is not accepted by the defendant, and if the judgment obtained by the plaintiff is at least 25 percent more than the amount of the offer, the plaintiff shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served.
For purposes of the determination required by paragraph (a), the term "judgment obtained" means the amount of the net judgment entered, plus any postoffer collateral source payments received or due as of the date of the judgment, plus any postoffer settlement amounts by which the verdict was reduced. For purposes of the determination required by paragraph (b), the term "judgment obtained" means the amount of the net judgment entered, plus any postoffer settlement amounts by which the verdict was reduced.
(Emphasis added). In finding that "judgment obtained" pursuant to section 768.79(6) includes pre-offer costs, the White court reasoned that the amount awarded by the jury is the verdict and that judgment should not be equated with verdict. The court explained:
[A]lthough costs may be incidental for determining the jurisdictional threshold, they are not incidental for determining the judgment threshold because a prevailing party is entitled to a judgment for taxable costs.
. . . In determining both the amount of the offer and whether to accept the offer, the party necessarily must evaluate not only the amount of the potential jury verdict, but also any taxable costs, attorney's fees, and prejudgment interest to which the party would be entitled if the trial court entered the judgment at the time of the offer or demand.
816 So.2d at 550 (footnote omitted). Antunez interprets White to support his position that post-settlement offer costs should not be included as part of the judgment obtained at trial because they are not part of the offer. By analogy, Antunez argues that the costs awarded in this case should not be part of the judgment because they were not part of the arbitration award. Contrary to Antunez' conclusions, the White court did not address the issue of whether post-settlement offer costs should be considered part of the judgment. White, which only addressed pre-settlement offer costs, simply stated that costs are part of the "judgment obtained." Id. *1181 at 551.[2]
Antunez' arguments do not find support in White, nor is his interpretation of section 44.103(6) otherwise persuasive. We find that under the pre-October 1, 2007 version of section 44.103(6), costs are to be included as part of the judgment when determining entitlement to attorney's fees. Since Whitfield received a more favorable judgment at trial than in non-binding arbitration, the trial court correctly held that she was entitled to the award of attorney's fees.
Affirmed.
STONE and STEVENSON, JJ., concur.
NOTES
[1] Black's Law Dictionary defines "taxable costs" as "[a] litigation-related expense that the prevailing party is entitled to as part of the court's award." BLACK'S LAW DICTIONARY 372 (8th ed. 1999).
[2] Even if we were to find support in White for the exclusion of post-arbitration costs under section 44.103(6), this issue was not properly preserved in this case. Antunez did not argue that the costs charged by the court below occurred after the arbitration award, nor did he offer any evidence to support such a conclusion. In reviewing the Affidavit of Costs, it is unclear whether the costs charged occurred before or after arbitration.