IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

KATHLEEN WEAVER,

        Appellant,

  v.

                                   Case No     5D21-1620
                                   LT Case No. 2020-10651-CIDL-02

VOLUSIA COUNTY, FLORIDA,

        Appellee.

_____/

Opinion filed October 21, 2022

Appeal from the Circuit Court
for Volusia County,
Kathryn D. Weston, Judge.

Chad A. Barr, Dalton L. Gray, Geoff
Bichler, Kristina Callagy and Megan Olive, of
Law Office of Chad Barr, P.A., Altamonte
Springs, for Appellant.

London Ott and Arthur U. Graham, of Volusia
County, Deland, for Appellee.

Thomas A. Cloud, of GrayRobinson, P.A.,
Orlando and Ashley H. Lukis, of Gray
Robinson, P.A., Tallahassee, Amicus Curiae
for Florida League of Cities, Inc., in support of
Appellee.

NARDELLA, J.

This appeal presents the following question—whether a firefighter diagnosed with cancer before the effective date of section 112.1816, Florida Statutes (2019), is entitled to the benefits provided by that statute. The trial court answered the question in the negative when it granted summary judgment for Volusia County ("County"), the former employer of firefighter Kathleen Weaver ("Appellant"). On appeal, Appellant argues that the trial court erred because the statute is remedial and thereby should be applied retroactively. We disagree with Appellant's characterization of the statute and affirm the trial court's order granting the County summary judgment.

Appellant served as a fulltime firefighter with the County for thirteen years before retiring in 2012. Five years later, in 2017, she was diagnosed with ovarian cancer, which she attributes to her years of service as a firefighter. Despite this diagnosis, Appellant did not file a claim for workers' compensation benefits.

In 2019, the Legislature passed section 112.1816, Florida Statutes, which provides previously unavailable benefits to firefighters who meet certain criteria and are diagnosed with certain cancers, including ovarian cancer. These benefits include a one-time payment of $25,000 and full coverage of the firefighter's cancer treatment. § 112.1816, Fla. Stat. (2019). The statute took effect on July 1, 2019. Ch. 2019-21, § 1, Laws of Fla.

2

After the passage of section 112.1816, Appellant sent a letter to the County requesting it provide her with the benefits set forth in that statute. The County denied the request, leading Appellant to file this declaratory action against the County seeking a declaration of her rights under the statute. The County moved for summary judgment, arguing, in relevant part, that Appellant is not entitled to relief because section 112.1816 applies prospectively. The trial court agreed, finding the statute "creates a new substantive right, is not remedial in nature, and does not apply retroactively to cancer diagnoses occurring prior to its effective date of July 1, 2019." This appeal followed.

"The question of whether a statute applies retroactively or prospectively is a pure question of law; thus, our standard of review is de novo." *Bionetics Corp. v. Kenniasty*, 69 So. 3d 943, 947 (Fla. 2011).

Prior to the enactment of section 112.1816, a firefighter who was diagnosed with cancer and believed the disease was caused by his or her employment as a firefighter could only seek benefits from their employer by filing a workers' compensation claim. *See* § 112.1816(2), Fla. Stat. (2019) (stating the statute is an "alternative to pursuing workers' compensation benefits under chapter 440"). To be eligible to receive benefits under chapter 440, the firefighter had to make several showings, including a showing that the cancer was caused by their work. § 440.09(1), Fla. Stat. (2019). If

3

causation was established, the firefighter would receive, among other things, a percentage of their average weekly wages while they remained disabled. *See generally* § 440.15, Fla. Stat. (2019).

The passage of section 112.1816, which took effect more than two years after Appellant's diagnosis, provided a limited class of firefighters diagnosed with select cancers a streamlined "alternative to pursuing workers' compensation benefits under chapter 440." Ch. 2019-21, § 1, Laws of Fla. Specifically, the statute provides that if a firefighter (1) "has been employed by his or her employer for at least 5 continuous years," (2) "has not used tobacco products for at least the preceding 5 years," and (3) "has not been employed in any other position in the preceding 5 years which is proven to create a higher risk for any cancer," then, upon being diagnosed with one of the twenty-one cancers listed in the statute, the firefighter is entitled to a one-time cash payment of $25,000 and full coverage of the firefighter's cancer treatment. § 112.1816(2), Fla. Stat. (2019).

In addition to these alternative benefits provided to a limited class of firefighters, the statute also provides to all firefighters, regardless of whether they met the criteria listed above, line-of-duty disability due to the diagnosis of cancer or circumstances that arise out of the treatment of cancer and death benefits through an employer's retirement plan if the firefighter dies as a result of cancer or circumstances that arise out of the treatment of cancer. §

4

112.1816(3)–(4), Fla. Stat. (2019).  The cost of all the benefits provided by the statute are borne solely by the employer and not by the employer's workers' compensation carrier.  § 112.1816(5), Fla. Stat. (2019).

To determine whether section 112.1816 is retroactive, we must first decide if it is substantive or, as Appellant argues on appeal, procedural/remedial in nature.  *See Smiley v. State*, 966 So. 2d 330, 334 (Fla. 2007).  "[A] substantive law prescribes legal duties and rights[.]" *Maronda Homes, Inc. of Fla. v. Lakeview Rsrv. Homeowners Ass'n*, 127 So. 3d 1258, 1272 (Fla. 2013).  A procedural/remedial law, on the other hand, "do[es] not create new or take away vested rights, but only operate[s] in furtherance of the remedy or confirmation of rights already existing."  *Smiley*, 966 So. 2d at 334 (quoting *City of Lakeland v. Catinella*, 129 So. 2d 133, 136 (Fla. 1961)).  If a statute is substantive, then it is presumed to apply prospectively.  *Metro. Dade Cnty. v. Chase Fed. Hous. Corp.*, 737 So. 2d 494, 499 (Fla. 1999).  If the statute is procedural/remedial, then the presumption against retroactivity does not take effect, thereby allowing, in most situations, the statute to be "applied to pending cases in order to fully effectuate the legislation's intended purpose."  *Arrow Air, Inc. v. Walsh*, 645 So. 2d 422, 424 (Fla. 1994).

Appellant contends that section 112.1816 falls within the procedural/remedial category because it creates a new remedy as evidenced

5

by its statement that it is an "alternative to pursuing workers' compensation benefits under chapter 440." As such, she argues that the statute "unambiguously defines itself as an alternate path to benefits firefighters already have a substantive right to pursue through the workers' compensation system." But Appellant's argument misses the mark, as this statute does not simply alter the means by which firefighters obtain already-existing workers' compensation benefits. To the contrary, the statute carves out a limited class of firefighters and provides them with benefits that were previously unavailable to them, all while relieving that class of firefighters of the obligations associated with receiving benefits under chapter 440. This is a substantive change in law. *See* § 112.1816(2)(a)–(b), (5)(a), Fla. Stat. (2019)*; Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1358 (Fla. 1994) (holding that an amendment to a statute which limited punitive damages recoverable by plaintiff to three times the amount compensatory damages could only apply prospectively because a change which establishes or eliminates a claim for punitive damages "is clearly a substantive, rather than procedural, decision of the legislature because such a decision does, in fact, grant or eliminate a right or entitlement"); *Ace Disposal v. Holley*, 668 So. 2d 645, 646 (Fla. 1st DCA 1996) (explaining that amendments to workers' compensation laws that change the amount of benefits a claimant may receive, impacts a claimant's entitlement to services, or substantially changes

6

the employer's liability are substantive); *Basel v. McFarland & Sons, Inc.*, 815 So. 2d 687, 695 (Fla. 5th DCA 2002) (holding that an amendment to a statute which "alters the size of [plaintiff's] enforceable judgment against certain of the defendants" is substantive).

We also reject Appellant's argument that section 112.1816 is remedial because it merely eases the requirements for a limited class of firefighters diagnosed with cancer to get additional benefits. What Appellant misses in this argument is that this "remedy" is effectuated by imposing new legal burdens on their employers, further supporting a conclusion that the statutory amendment is more appropriately characterized as substantive in nature. § 112.1816(2)(a)–(b), (5)(a), Fla. Stat. (2019); *see L. Ross, Inc. v. R.W. Roberts Constr. Co.,* 466 So. 2d 1096, 1098 (Fla. 5th DCA 1985); *approved*, 481 So. 2d 484 (Fla. 1986) (explaining that "[t]he right to an attorney's fee is substantive because it gives to a party who did not have that right the legal right to recover substance (money!) from a party who did not theretofore have the legal obligation to render or pay that money"). As recognized by this Court in *L. Ross, Inc.*, when a statutory amendment confers a remedy which affects the measure of damages for vindication of an existing substantive right, it does so by increasing the substantive obligation or burden on the party who must pay the award. 466 So. 2d at 1097.

Thus, even if the statute was intended to serve a remedial purpose, the fact that it does so by creating new rights for a limited class and new obligations for their employers requires the court to treat it as a substantive law. *See Smiley*, 966 So. 2d at 334 ("[A] statute that achieves a 'remedial purpose by creating substantive new rights or imposing new legal burdens' is treated as a substantive change in the law." (quoting *Arrow Air, Inc.*, 645 So. 2d at 424)).

As a substantive law, section 112.1816 is presumed to apply prospectively unless the text "provides for retroactive application," and "such application is constitutionally permissible." *See Fla. Hosp. Waterman, Inc. v. Buster*, 984 So. 2d 478, 487 (Fla. 2008). The text of section 112.1816 does not provide for retroactive application, nor does the section contain any textual clues to support such an application. *Walker & LaBerge, Inc. v. Halligan*, 344 So. 2d 239, 241 (Fla. 1977) (explaining that the court should look to the "wording of the act itself to find possible support for its retroactive application"); *Basel*, 815 So. 2d at 692 (reviewing the statute for express language providing for retroactive application). Instead, section 112.1816 is silent on the issue of retroactivity, and silence alone cannot support retroactive application. *See Fla. Ins. Guar. Ass'n v. Devon Neighborhood Ass'n*, 67 So. 3d 187, 197 (Fla. 2011) ("[T]he *absence* of a statement in the act that the amendments are inapplicable to existing contracts does not

8

constitute clear evidence of retroactive intent.") (emphasis in original). This is especially true in light of a later section in the same chapter which provides death benefits to law enforcement, correctional, and probation officers and specifically states that the death benefits "shall . . . be applicable and paid in cases where an officer received bodily injury *before July 1, 1993*, and subsequently died on or after July 1, 1993, as a result of such in-line-of-duty injury[.]" § 112.19(6), Fla. Stat. (2022) (emphasis added); *see Leisure Resorts, Inc. v. Frank J. Rooney, Inc.*, 654 So. 2d 911, 914 (Fla. 1995) ("When the legislature has used a term . . . in one section of the statute but omits it in another section of the same statute, we will not imply it where it has been excluded.").

For these reasons, we find that section 112.1816 is not retroactive and, thus, affirm the trial court's order granting the County summary judgment.[1]

AFFIRMED.

COHEN and WALLIS, JJ., concur.

---

[1] Since the first inquiry does not support retroactive application, there is no need to address the second inquiry determining whether retroactive application is constitutionally permissible. *See Mem'l Hosp.-W. Volusia, Inc. v. News-Journal Corp.*, 784 So. 2d 438, 441 (Fla. 2001) (finding it unnecessary to determine whether the retroactive application of a statute was constitutionally permissible because the statute did not "set forth the clear legislative intent" that it be applied retroactively).