625 So.2d 913 (1993)
WILLIAMS COLLEGE, Residuary Beneficiary of the Estate of Robert F. Rosenburg, Appellant,
v.
Robert A. BOURNE, Personal Representative and Sidney C. Ward, Appellee.
No. 93-778.
District Court of Appeal of Florida, Fifth District.
October 15, 1993.
Terrance H. Dittmer, Robert C. Wilkins, Jr., and G. Charles Wohlust of Dittmer & Wohlust, P.A., Maitland, for appellant.
Ronald H. Roby, Winter Park, and Craig B. Ward, Orlando, for appellee, Sidney C. Ward.
No Appearance for appellee, Robert A. Bourne.
*914 PER CURIAM.
This is another case in which we must consider the effect that the trial court's prolonged delay between hearing the evidence and deciding the case has on the ultimate outcome. In this case, the delay was twenty-one months (from May, 1991 until February, 1993.) This panel is well aware, through experience, of the pressures ever mounting dockets place on trial judges. The court has an obligation to litigants not only to hear their cases but also to finally dispose of those cases within a reasonable time. See Rule 2.085(d)(1)(D) and Rule 2.085(a), Rules of Judicial Administration.
Here the ultimate issue was what amount should be awarded as attorney's fees for the attorney representing a $3,000,000 estate. The most important sub-issue was whether the principal beneficiary, Williams College, was bound by a percentage fee contract negotiated between the estate's attorney and the widow of the decedent who, because of a prenuptial agreement, was finally determined (by settlement) not to be a beneficiary at all.[1] The trial court made a factual determination that the college, through its attorney, had agreed to the percentage fee contract. This "finding," however, was not contained within the court's FINDINGS OF FACT but rather within a section of the final order entitled "FACTORS WHICH ARE NOT CONTROVERTED."
The record simply does not support the trial court's implication that the question of whether Williams College had agreed to a percentage fee was undisputed. The college's attorney, Dittmer, testified that he consistently advised the attorney for the estate that his client would not agree to a percentage fee and repeatedly requested that time records be kept. In light of the twenty-one month delay in ruling, the court's apparent disregard of Dittmer's testimony is understandable. The court had no transcript to review and its notes made no reference to Dittmer's testimony. The only "record" the court had on this issue at the time it made its ruling some twenty-one months after hearing the evidence was a written summary of the testimony of the attorney for the estate.[2] This summary indicated that Dittmer had agreed, on behalf of the college, to the percentage fee. Because of the time delay, the substantial contrary evidence was not considered by the court. We cannot permit delays in rendering decisions to affect the result of such decisions.[3] This matter is remanded for a rehearing on the issue of attorney's fees.
REVERSED and REMANDED.
GOSHORN and DIAMANTIS, JJ., concur.
HARRIS, C.J., concurring and concurring specially.
HARRIS, Chief Judge, concurring and concurring specially:
I would also reverse for an additional reason. Consistent with my dissent in Peterson v. Murrah, 622 So.2d 1167 (Fla. 5th DCA 1993), I would hold that the presumption of correctness no longer applies to the trial court's ruling. Then, looking at the record, the evidence on this issue is the conflicting testimony of the two attorneys and the following factors:
1. The estate attorney submitted a written agreement for approval by Williams College. If Williams College agreed to the arrangement, why did it not return the executed agreement?
2. The letter from Dittmer to the estate's attorney advising that the college wanted "documentation of the time spent performing both ordinary and extraordinary services." This letter is in the record. Why did the college request time records if it had agreed to a percentage contract?
Based on a pure de novo review, I would find the college did not agree to the percentage fee agreement. However, I recognize that it is the trial court that should determine *915 the believability of the witnesses based on its personal observation of them. The credibility of the testimony of the two attorneys is crucial to a proper determination of this issue. But this determination cannot properly be made twenty-one months after their testimony. I would, therefore, reverse because of the delay and because of the conflict in the testimony which requires a credibility determination. This would be so even if the court's finding that Williams College was bound by the agreement had appeared under its FINDINGS OF FACTS.
NOTES
[1] The determination of this issue, of course, will determine whether this case is controlled by the agreement or by In re Estate of Platt, 586 So.2d 328 (Fla. 1991).
[2] Apparently the attorney for the estate had suffered a stroke prior to the hearing and his ability to testify was somewhat limited.
[3] See Polizzi v. Polizzi, 600 So.2d 490 (Fla. 5th DCA 1992).