656 So.2d 622 (1995)
WILLIAMS COLLEGE, Appellant/Cross-Appellee,
v.
Robert A. BOURNE, personal representative, and Sidney C. Ward, Appellee/Cross-Appellant.
No. 94-1777.
District Court of Appeal of Florida, Fifth District.
June 30, 1995.
Robert C. Wilkins, Jr. of Dittmer, Wohlust & Wilkins, P.A., Maitland, for appellant/cross-appellee.
Ronald H. Roby, Winter Park, for appellee/cross-appellant, Sidney C. Ward.
No Appearance, for appellee/cross-appellant, Robert A. Bourne.
HARRIS, Chief Judge.
The issue in this case is whether section 733.6171, Florida Statutes, enacted in 1993, controls the award of attorney's fees in this *623 estate which was filed in 1988. All of the services involved in this appeal were rendered prior to the enactment of section 733.6171.
The trial court, applying section 733.6171, determined that a reasonable fee would be $116,676.10. The court further found, however, that under the prior applicable statute, as interpreted by In re Estate of Platt, 586 So.2d 328 (Fla. 1991), the reasonable fee would have been $63,624.00. It is apparent, therefore, that a determination of whether the 1993 enactment is retroactive will substantially affect the rights of the residuary beneficiary.
We conclude that we are bound on this issue by our previous holding in L. Ross, Inc. v. R.W. Roberts Const. Co., 466 So.2d 1096 (Fla. 5th DCA 1985), approved, 481 So.2d 484 (Fla. 1986). Although Ross involved a different statutory attorney's fee provision, the logic also applies to this case.
Judge Cowart, writing for the court, stated:
It is a facet of constitutional due process that, after they vest, substantive rights cannot be adversely affected by the enactment of legislation. Likewise, but conversely, it is fundamentally unfair and unjust for the legislature to impose, ex post facto, a new or increased obligation, burden, or penalty as to a set of facts after those facts have occurred. For the same reason, regardless of the intent of the legislature, the legislature cannot constitutionally increase an existing obligation, burden or penalty as to a set of facts after those facts have occurred.
L. Ross, 466 So.2d at 1098.
In approving our Ross opinion, the supreme court held:
The right to attorney fees is a substantive one, as is the burden on the party responsible for paying the fee. A statutory amendment affecting the substantive right and concomitant burden is likewise substantive.
L. Ross, 481 So.2d at 485.
In the case before us, once the services by the attorney for the estate were rendered, the estate became obligated to pay a reasonable attorney fee in the amount of $63,624.00 based on then applicable law. Under Ross, this obligation may not be increased by a subsequent legislative enactment. The award of attorney's fees entered herein is reversed and the cause remanded with instructions to award $63,624.00 as attorney fees in the probate estate.[1]
REVERSED and REMANDED.
COBB and GRIFFIN, JJ., concur.
NOTES
[1] We find the cross-appeal to be without merit.