670 So.2d 1118 (1996)
Williams COLLEGE, Appellant,
v.
Robert A. BOURNE, etc., et al., Appellees.
No. 95-458.
District Court of Appeal of Florida, Fifth District.
March 29, 1996.
Robert C. Wilkins, Jr., of Dittmer, Wohlust & Wilkins, P.A., Maitland, for Appellant.
Ronald H. Roby, Winter Park, for Appellee, Sidney C. Ward.
No Appearance for Appellee, Robert A. Bourne.
GRIFFIN, Judge.
Williams College timely appeals an order of the trial court awarding Ronald Roby, attorney for appellee Sidney Ward, attorney's fees and costs incurred in defense of Ward's application for fees as attorney for *1119 Robert A. Bourne, personal representative of the estate of Robert Rosenburg. We reverse.
This is the third appeal which involves the issue of attorney's fees of and for Sidney Ward, the original attorney for Bourne.[1] Ward performed services as Bourne's attorney between the admission of Rosenburg's will to probate on June 9, 1988, and June 29, 1990, when Bourne petitioned for discharge and requested attorney's fees for Ward. Williams College, the residual beneficiary under the will, filed an objection to the petition and alleged that Ward's fee request of $125,175.54 was unreasonable. Before the date set for the attorney's fee hearing, Ward suffered a stroke.
A hearing was eventually held in May 1991, at which time the probate court concluded that Williams College had agreed to a valid and binding fee contract with Ward, and the school's objection to Ward's fees was overruled. Williams College appealed that order to this court. Appearances by Craig Ward and Ronald Roby were made on behalf of the appellee, Sidney Ward. No appearance was made on behalf of appellee Bourne. This court reversed the trial court's order. Williams College v. Bourne, 625 So.2d 913 (Fla. 5th DCA 1993) [Williams College I].
On October 1, 1993, prior to the release of the opinion in Williams College I, a new section added to the Probate Code took effect. Under section 733.6171, Florida Statutes (1993),[2] compensation for attorneys of personal representatives was to be calculated by taking into account two components: (1) the hours worked by the attorney and (2) the value of the decedent's estate. It also provided that fees of the attorney for the personal representative for litigating his own compensation were chargeable against the estate.[3] § 733.6171(7), Fla.Stat. (1993). The effect of these provisions was to undo the holding of In re Estate of Platt, 586 So.2d 328, 336 (Fla.1991).
In December, 1993, Ward filed a new petition for fees in which he calculated his award based on the new statute. Williams responded with a motion to determine the applicability of section 733.6171. At a hearing on this matter held in early January 1994, the lower court determined that the new statute was applicable to Ward's representation. After Ward amended his petition in late January to a final request of $187,931, a two-day hearing was held to determine the reasonableness of Ward's petition. Roby represented Ward's interests at the hearing and presented two expert witnesses who testified on Ward's behalf. Williams College argued to the trial court that the fees were unreasonable and that application of the new statute to calculate Ward's fees was unconstitutional. The court's final order, entered on March 23, 1994, granted Ward $116,676 in fees under the new statute. The court also found that absent the new statute, an appropriate fee would have been $63,624. Williams College again appealed. Again Roby appeared as counsel on appeal for Ward. No appearance was made on behalf of appellee Bourne. Again this court reversed. Williams College v. Bourne, 656 So.2d 622 (Fla. 5th DCA 1995) [Williams College II]. The panel held that a retrospective application of section 733.6171 which served to increase the estate's obligation for attorney's fees was an unconstitutional denial of due process, and the court remanded the case to award Ward attorney's fees of $63,624.
While Williams College II was on appeal, Ward moved, under authority of the new statute, to be awarded $15,927 in attorney's fees and costs for services rendered by Roby after the effective date of section 733.6171(7). The lower court issued an order on November 15, 1994, awarding attorney's fees of *1120 $12,560.50 for Roby's services since October 1, 1994. The court also awarded $2,877.50 for expert witness costs from the February 1-2, 1993 hearings, and $288.95 for deposition and photocopying costs. All of the awards were to be paid from the estate. Although the court's order did not expressly state the judge's reliance on section 733.6171(7), such reliance is implied. On appeal, Ward advances several arguments in support of the award of Roby's fees, but the application of section 733.617(7), Florida Statutes (1993) is the only one that merits discussion.[4]
The first question is whether the statute, by its terms, authorizes fees for an attorney representing the attorney seeking fees. The answer to this question plainly is no. We find merit, however, in the argument that because, in a case such as this, the attorney could not act for himself, such an award could be proper.
We agree with Williams College, however, that section 733.6171(7), Florida Statutes (1993), cannot be applied to award attorney's fees to Roby for defending Ward's fee request. The school correctly contends that application of the statute serves to increase the fees the estate must bear over those which existed prior to the effective date of the statute. Such fees would not have been taxable to the estate under Platt. Platt, 586 So.2d at 336.
The ability to collect attorney's fees from an opposing party, as well as the obligation to pay such fees, is substantive in nature. L. Ross, Inc. v. R.W. Roberts Constr. Co., 466 So.2d 1096, 1098 (Fla. 5th DCA 1985), approved, 481 So.2d 484 (Fla.1986). Substantive rights cannot be adversely affected by the enactment of legislation once those rights have vested. Id. Nor may the legislature increase an existing obligation, burden or penalty as to a set of facts after those facts have occurred.
Essential to the resolution of this matter is a proper determination of the specific points in time at which the legal rights and obligations of the parties must be compared in order to determine if a party's substantive rights have been affected. In Young v. Altenhaus, 472 So.2d 1152 (Fla.1985), the Florida Supreme Court was faced with the constitutionality of applying a then-new medical malpractice statute which awarded attorney's fees to the prevailing party where the effect of the statute was to change the parties' substantive obligations between the time their rights vested and the time the fee determination was made. Regarding when the parties' rights vested, the court held that the controlling moment was when the underlying cause of action accrued. Id. at 1154. Later, Judge Cowart, in L. Ross, explained this principle:
Substantive rights and obligations as to the receipt and payment of attorney's fees is somewhat particular because, whether those rights and obligations are viewed as a separate cause of action, or as costs taxed in another, underlying, cause of action, they are ordinarily merely incidental to the other, underlying, cause of action and, in a sense, the right to receive, as well as the reciprocal obligation to pay, attorney's fees, is merely ancillary to, and an incident of, the accrual of the underlying cause of action concerning which the right to recover attorney's fees is given. Therefore the right to recover attorney's fees ancillary to another particular underlying cause of action always accrues at the time the other, underlying, cause of action accrues. This means substantive rights and obligations as to attorney's fees in particular types of litigation vest and accrue as of the time the underlying cause of action accrues.
L. Ross, 466 So.2d at 1098. The relevant inquiry in the case before this court is, therefore, when the "cause of action" arose between the parties.
In Williams II, which concerned Ward's right to compensation for services rendered prior to the enactment of section 733.6171, Florida Statutes (1993), we considered whether the new statute could be used to compute fees. This court stated:

*1121 In the case before us, once the services by the attorney for the estate were rendered, the estate became obligated to pay a reasonable attorney fee in the amount of $63,624.00 based on then applicable law. Under Ross, this obligation may not be increased by a subsequent legislative enactment.
Williams II, 656 So.2d at 623. This holding might suggest that, as all of Roby's services for which Ward seeks compensation were rendered subsequent to the effective date of the new statute, there is no retrospective increase of burdens. This would, however, not be consistent with Williams II. In Williams II, although the dispute was nominally between Ward and Williams College, it was, in fact, between Ward and the estate. As a beneficiary under the will, Williams College was merely given the opportunity to assert its own interests by defending the estate. Without expressly stating so, the Williams II panel utilized principles analogous to those found in Young and L. Ross to find that Ward had a cause of action against the estate for the value of his services from the moment he began to render them. It was at that moment when, although the ultimate fee amount would increase over the course of Ward's services, the estate's liability to compensate Ward was legally fixed, as was the legal formula by which the fees would be calculated. The subsequent enactment of a statute that provided for a new formula could not constitutionally be effective to enhance that liability.
Here, Ward is seeking fees for the litigation over the reasonableness of his fee request.[5] The personal representative's attorney has the right to recover fees incurred in the representation of the estate from the moment such representation is commenced; however, under prior law, recovery did not include time spent on his own compensation. Under the new statute, the attorney can expect that if the request is opposed and a hearing required, the fees incurred in that proceeding will likewise be compensable. To the extent Ward did or did not possess the right to compensation calculated in a certain way and the right to charge his time to litigate his own compensation, these rights were inextricably bundled at the moment Ward began his representation of the estate. It was at that time that any right he had to receive his fees and any corresponding obligation of the estate to pay those fees was legally vested. The effective date of section 733.6171(7), Florida Statutes (1993), was October 1, 1993. Prior to that date, and certainly on the date Ward began his representation, Ward was not entitled to receive fees for time expended in determining the amount of his fee, as the court explained in Platt. Because the effect of applying section 733.6171(7) to compensate Roby for defending Ward's fee claim is to retrospectively enhance the obligations of the estate, and ultimately Williams College, to pay Ward's fees, we reverse the order awarding fees for Roby's services in litigating Ward's fee.[6]
REVERSED and REMANDED.
GOSHORN and HARRIS, JJ., concur.
NOTES
[1] Williams College v. Bourne, 656 So.2d 622 (Fla. 5th DCA 1995); Williams College v. Bourne, 625 So.2d 913 (Fla. 5th DCA 1993).
[2] This statute was again amended by Ch. 95-401, § 2, at 3278-80, Laws of Fla. (amendment effective July 1, 1995).
[3] That subsection provided as follows:

Court proceedings to determine compensation, if required, are a part of the estate administration process, and the costs, including the fees for the personal representative's attorney, shall be determined by the court and paid from the assets of the estate. The court shall direct from which part of the estate they shall be paid.
§ 733.6171(7) Fla.Stat. (1993).
[4] We especially observe that section 733.106(3) is inapplicable as a basis for the fee award. Nor does the record support any argument that Roby represented Bourne.
[5] Williams College points out that the mandatory language of this legislation leaves open the argument that fees for the personal representative's attorney must be paid for the fee litigation even if the fee request is exorbitant and only a fraction of the claimed fees is awarded.
[6] This reasoning does not extend to other costs of the hearing. The court assessed the estate with the fees of two expert witnesses used at the hearing. Under the law in effect prior to the enactment of section 733.6171(7), Florida Statutes (1993), the court had discretion to make such an award. Travieso v. Travieso, 474 So.2d 1184 (Fla.1985). We also find no error in the remaining cost awards.